# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFL-CIO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF LABOR, *et al.*,<br><br>*Defendants*. | Case No. |

## DECLARATION OF STEVEN K. URY, SEIU

I, Steven K. Ury, declare as follows:

1. I am the General Counsel of the Service Employees International Union ("SEIU"). I submit this declaration in support of Plaintiffs' application for a temporary restraining order in this matter. The statements made in this declaration are based on my personal knowledge, materials I have reviewed, and information made available to me pursuant to my duties at SEIU.

2. SEIU is one of the largest labor unions in the United States with approximately 2 million members in healthcare, the public sector, and property services. SEIU fights for a world where all workers are valued and all people respected; where all families and communities can thrive; and where we leave a better and more equitable world for generations to come. SEIU has more than 150 local union affiliates.

3. SEIU and its affiliate unions routinely engage with the Department of Labor and its agencies and programs in pursuit of our union's mission to improve the lives of workers

1

and their families.

4. SEIU and its affiliate unions routinely bring complaints and claims under the various minimum working condition statutes enforced by the Department of Labor, including the Fair Labor Standards Act ("FLSA") (minimum wages and overtime), to the Wage and Hour Division, and the Occupational Safety and Health Act, to the Occupational Safety and Health Administration.

5. For example, SEIU recently filed a wage-and-hour complaint on behalf of the Union of Southern Service Workers, a campaign of SEIU, against Waffle House for violations of the FLSA's tip credit requirements. That complaint includes the identities of individual employees and the precise information they shared with us about their unlawful working conditions. These workers are economically vulnerable, struggling to make ends meet, and cannot afford to experience any retaliation by their employer should their identities become public. In our experience, employers have retaliated against workers who file labor complaints in many ways that affect their economic livelihood, including cutting their work hours, changing their schedules, or firing them altogether.

6. When we or our affiliates assist members with these claims, we are able to assure them that the Department of Labor will keep their identities and their complaints confidential.

7. The promise of confidentiality is an essential condition to encourage workers to come forward to share their experiences with union organizers, and agree to have their names included in complaints filed with government agencies such as the Department of Labor. If their names are publicized or shared with their employer, this disclosure will chill workers from coming forward to report violations of wage and hour laws, as well as other

labor laws enforced by the Department of Labor. Workers are already reluctant to come forward as it is, and this disclosure will discourage them further from filing complaints over their working conditions.

8. Confidentiality is necessary for our ability to organize workers and represent our members. If workers are reluctant to come forward to report labor law violations, SEIU will be harmed in its ability to file persuasive complaints with government agencies such as the Department of Labor since we may have fewer workers willing to come forward to share their stories.

9. Union organizers work hard to gain workers' trust to encourage them to come forward to share their stories, and this trust will be broken if the confidentiality commitment is violated and the workers' names and personal information are made public. This may have a negative impact on our future organizing campaigns.

10. Workers may also have private causes of action under the same statutes enforced by the Department of Labor. If their names, allegations, and any evidence they have already shared confidentially with the Department of Labor are publicized, there could be a negative impact on their ability to vindicate their legal claims on their own in court.

11. DOGE's access to other government systems has been broadly publicized. Access to the Department of Labor systems will be devastating for the workers we represent and our ability to support them in seeking the protections of the country's basic labor protections. This harm will occur even if DOGE is given access to the Department of Labor's records concerning complaints and investigations for a short period of time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2025, in Washington, DC.

                                          /s/ Steven K. Ury
                                          Steven K. Ury