# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFL-CIO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF LABOR, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00339-JDB |

### **DECLARATION OF** ▮▮▮▮▮▮▮▮▮▮

I, ▮▮▮▮▮▮▮▮▮▮, declare as follows:

1. ▮▮▮▮▮▮▮▮▮▮ is my legal given name to file this declaration.

2. I am an employee at a manufacturing facility in a southern state. I am also a member of United Steelworkers which is a local affiliate of the AFL-CIO.

3. In April of 2024, I experienced a fatality in my workplace of a fellow union member who was fatally injured while troubleshooting a machine when he was caught-in the machine's stacking area. The employer did not have employees utilize a written lockout/tagout machine specific procedure before performing serving and maintenance inside the equipment, such as, but not limited to troubleshooting and clearing jams. The machine had a safety gate with an electrical interlocked safety switch to safely access the machine, but it was bolted shut by the employer for a period of time prior to the fatal incident.

4. In order to try and get safer working conditions for my co-workers and myself, my union assisted me in the fatality investigation with the Department of Labor as I've never been part of an OSHA inspection, and what information was needed of me, as well as our union members.

5. The information I provided to the Department of Labor included my personal address, cell phone, email, and employee ID number, which to the best of my knowledge is now on file with the Department of Labor in their investigation file.

6. When I participated in this OSHA investigation, the Department of Labor and my union assured me that my identity would be kept confidential. In the course of the investigation, I provided information about unsafe working conditions during my interactions with the OSHA inspector, and during employee interviews. I would not want this information to be made available to my employer or the public, for fear of retaliation to myself and our union members.

7. This promise of confidentiality was extremely important to me as I knew the information I provided could lead to citations and fines being issued to the employer for not providing a safe workplace, and it would expose me to retaliation. But I knew that I had to tell the truth, and by doing so it will help the Department of Labor work with my employer to make a safer workplace. If my identity is released in association with the inspection, I and other coworkers who provided information, interview statements, and personal identifiable information will be at risk of retaliation from my employer.

8. When I participated in the fatality inspection, I only intended the information in it to be used to resolve workplace safety claims against my employer; I did not expect it to be

used for any other purposes. I also participated as an employee representative of other union members during their interviews, and they too were told their information would be kept confidential. These members and employees also provided statements and their personal information under the understanding that it would be kept confidential.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2025.

/s/