# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFL-CIO, *et al.*,

*Plaintiffs*,

v.

DEPARTMENT OF LABOR, *et al.*,

*Defendants*.

Case No. 1:25-cv-00339-JDB

---

**DECLARATION OF** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

I, ▉▉▉▉▉▉▉▉▉▉▉▉, declare as follows:

1. ▉▉▉▉▉▉▉▉▉▉▉▉ is my legal given name to file this declaration.

2. I am an employee at a manufacturing facility in a midwestern state. I am also a member of United Steelworkers which is a local affiliate of the AFL-CIO.

3. In January of this year, I experienced a fatality in my workplace of a fellow union member. My fellow union brother was found unconscious in a spray booth where he had been electrostatic powder coating parts. Due to the design of piping elsewhere in the workplace, nitrogen, an invisible, tasteless and odorless gas, leaked or backfilled into a line which normally supplied breathable air to our member's supplied air respirator hood. As a result, he was overcome by inhaling concentrated nitrogen, passed out, and died of nitrogen asphyxia. The fatality happed due to poor plumbing design of the compressed air system when a new machine was installed that used nitrogen, and it contaminated the

supplied air system.

4. In order to try and get safer working conditions for my co-workers and myself, my union assisted me in the fatality investigation with the Department of Labor as I've never been part of an OSHA inspection, and what information was needed of me, as well as our union members.

5. The information I provided to the Department of Labor included my personal address, cell phone, email, and employee ID number, which to the best of my knowledge is now on file with the Department of Labor in their investigation file.

6. When I participated in this OSHA investigation, the Department of Labor and my union assured me that my identity would be kept confidential. In the course of the investigation, I provided information about unsafe working conditions during my interactions with the OSHA inspector, and during employee interviews. I would not want this information to be made available to my employer or the public, for fear of retaliation to myself and our union members.

7. This promise of confidentiality was extremely important to me as I knew the information I provided could lead to citations and fines being issued to the employer for not providing a safe workplace, and it would expose me to retaliation. But I knew that I had to tell the truth, and by doing so it will help the Department of Labor work with my employer to make a safer workplace. If my identity is released in association with the inspection, I and other coworkers who provided information, interview statements, and personal identifiable information will be at risk of retaliation from my employer.

8. When I participated in the fatality inspection, I only intended the information in it to be used to resolve workplace safety claims against my employer; I did not expect it to be used for any other purposes. I also participated as an employee representative of two other union members' interviews, and they were told their information would be kept confidential. The two employees who make up a single department that only operates on one shift, provided statements and their personal information under the understanding that it would be kept confidential.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2025.

/s/ ███████████