# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFL-CIO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF LABOR, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00339 |

### DECLARATION OF JOSEPH L. PALLER, JR.

I, Joseph L. Paller, Jr., hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746 that the following is true and correct:

1. I am over eighteen years old, of sound mind, and fully competent to make this declaration. This declaration is based on my personal knowledge, information, and belief. I submit this declaration in support of the Plaintiffs' Renewed Motion for a Temporary Restraining Order.

2. I am admitted to practice law in the States of California and Nevada, and all federal courts in California. I am a principal in the law firm of Gilbert & Sackman, a Law Corporation, 800 Wilshire Boulevard, Suite 1410, Los Angeles, California 90017.

3. I have represented union-sponsored employee benefit plans for more than 40 years. In that capacity, I have designed, qualified, and currently represent multiemployer pension plans in multiple states, including defined benefit pension, 401(k), money purchase, and profit-sharing plans. On the health and welfare side, I serve as legal counsel for many traditional multiemployer insured and self-insured health plans, as well as multiemployer health reimbursement plans and retiree health plans. I also currently represent apprenticeship and

1

training trusts, as well as labor-management cooperation funds and vacation/savings plans. Throughout my legal career, I have also represented labor unions in a variety of locations and across industries.

4. I have been admitted as a Fellow of the American College of Employee Benefits Counsel (ACEBC) in recognition of my work as an employee benefits practitioner, and as a Fellow of the College of Labor and Employment Lawyers in recognition of my contributions to labor and employment law. I was elected by the ACEBC to the Board of Governors of the ACEBC in 2020, and continue to serve as a Governor of that organization. I serve as a Chapter Co-Editor for the current edition of the leading legal treatise on ERISA law, *Employee Benefits Law*, published jointly by the American Bar Association and Bloomberg BNA. In addition, I am a Co-Chair of the ABA Subcommittee on Jointly Administered Plans of the Labor & Employment Law Section, which focuses on multiemployer and single employer Taft-Hartley trust funds. My articles and presentations on employee benefits, labor, and employment issues have appeared in multiple books, legal journals, and conference materials.

5. The multiemployer plans I represent were created and are maintained by labor unions and management per the terms of collective bargaining agreements. The employees who participate in the multiemployer plans are, with few exceptions, all union members. The pension and 401(k) plans provide retirement income to retired union employees and their spouses. The health plans provide benefits to active and retired union members and families.

6. The Employee Benefits Security Administration (EBSA) is the arm of the Department of Labor (DOL) focusing on protecting employee benefits nationwide. In my capacity as legal counsel to pension and health plans, I have personally responded to multiyear EBSA investigations of plan governance and operations and have helped colleagues do the same.

These investigations focus on plans' compliance with ERISA and the protections ERISA provides to employees participating in ERISA plans. These investigations typically last many years, and require the plans to produce thousands, or hundreds of thousands, of records of highly confidential information regarding the employees participating in the plans, as well as their spouses, widows, and children. The plans we represent uniformly cooperate in these investigations, including by producing highly confidential documents and information requested by DOL.

7. Upon the initiation of an investigation, EBSA typically demands that a plan produce highly sensitive personal data covering periods of many years. For example, EBSA's opening letter to a defined benefit pension plan announcing an inquiry will demand that the plan produce census data for all participants in the plan (the union members and their spouses) for all years under review. Specifically, EBSA's opening letter will require the production of an electronic spreadsheet detailing participants' and spouses' SSNs, employee ids, first names, last names, home addresses, dates of birth, pay status (terminated, active, deferred spouse, retiree beneficiary, etc.), accrued benefits, dates of hire, and pension start dates. Because EBSA's requests seek information about retirees as well as actives, the data produced will include plan participants whose active employment ended decades ago.

8. In 401(k) plan investigations, EBSA requires plans to produce detailed information over many years showing union members' wages in each payroll period, the timing and amounts of mandatory contributions paid by their employers and voluntary employee contributions deferred from employee paychecks in each payroll period, loans made from employee accounts and their repayment by employees in each payroll period, and account balances for all employees over time.

9.  Similarly, in health plan investigations, EBSA requires production of claims information, appeals documents, and other health information of participating union members and their immediate families. The confidentiality of this information is strictly regulated by a variety of federal and state privacy laws and regulations, including the Health Insurance Portability and Accountability Act.

10. Barring certain exceptions under federal information law, the personal information produced to EBSA by the plans is confidential. It is not public information.

Executed on February 11, 2025

*/s/ Joseph L. Paller, Jr.*

Joseph L. Paller, Jr.