# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFL-CIO, *et al.,*

*Plaintiffs*,

v.

DEPARTMENT OF LABOR, *et al.,*

*Defendants*.

Case No. 1:25-cv-00339-JDB

### DECLARATION OF ███████████████, SEIU MEMBER

I, ███████████, declare as follows:

1. I am a member of the Service Employees International Union ("SEIU") and an active participant in SEIU's Union of Southern Service Workers ("USSW") campaign. I submit this declaration in support of Plaintiffs' application for a temporary restraining order in this matter. The statements made in this declaration are based on my personal knowledge.

2. I became a member of SEIU and joined the USSW campaign, because I believe that workers in service industries, such as the fast food and restaurant industries, deserve to be paid a living wage, to work in a safe working environment and to be treated with respect. Based on experience in the service industry, joining with other workers in a labor union is our best chance to win better working conditions.

3. I first became active in the USSW campaign when I was employed as a server at a Waffle House restaurant in North Carolina in 2022. For two years, I worked around 30 hours per

1

week for a tipped wage of $2.92 per hour. The tips I earned varied greatly from shift to shift and it was difficult to make ends meet. I am a single mother to four children. After paying for the cost of childcare, I often did not have enough money to pay my household bills.

4. Through my participation in the USSW campaign, I learned about my rights as a tipped employee under the Fair Labor Standards Act ("FLSA"), including the fact that Waffle House was required to pay me the minimum wage when I performed job duties unrelated to my job as a server. I estimated that I worked at least two to three hours per seven hour shift performing duties that were not related to my job as a server. For example, even for the time I spent cooking in the Waffle House kitchen where I did not earn tips, I was still paid an hourly rate of $2.92 per hour.

5. If Waffle House paid me the wages I am owed under the law, it would be a significant amount for me and it would help me provide for my family. This motivated me to file a complaint with the Department of Labor ("DOL") against Waffle House.

6. On September 19, 2024, SEIU filed a wage theft complaint with the Department of Labor on my behalf. I reviewed the complaint prepared by SEIU and my identity was included in the complaint. After reviewing the complaint, I signed the complaint electronically.

7. I would not have been able to file the September 19 wage theft complaint without SEIU's assistance. I provided detailed information and evidence to SEIU in support of the complaint. Without SEIU's help, I would not have known what kind of evidence is needed to prove a wage theft complaint or how to file the complaint. Prior to the filing of the September 19 complaint, I had never filed a wage theft complaint. I did not have the

2

resources to find and hire a lawyer to help me prepare or file a complaint.

8. At the time the September 19 wage theft complaint was filed, I was assured by SEIU that the information I provided, including my identity, would remain confidential. I was told that if the DOL pursued my claim, the DOL would ask my permission before revealing my name to Waffle House. While I no longer work at Waffle House, I still want to keep confidential the fact that I filed a wage theft complaint against my employer. I worked at Waffle House for two years and I may decide to re-apply. It is a national corporation, and if Waffle House found out about the complaint, it could impact their decision to rehire me at any Waffle House location. I am also afraid that if my wage theft complaint against Waffle House became public, it could negatively impact my ability to get hired in any job. I believe that other employers may not want to hire someone who filed a wage theft complaint against their previous employer. If the DOL is willing to pursue my complaint and help me recover the wages I am owed, I would consider giving the DOL permission to reveal my name to Waffle House. But at this time, I do not know if DOL will pursue my complaint and I do not want my identity or the information I provided to the DOL to become public.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2025, in ▮▮▮▮▮▮ North Carolina.


/s/ ▮▮▮▮▮▮▮▮▮▮

3