# EXHIBIT V

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFL-CIO, *et al.*,

Plaintiffs,

v.

DEPARTMENT OF LABOR, *et al.*,

Defendants.

Case No. 1:25-cv-00339

**DECLARATION OF** ▮

I, ▮, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746 that the following is true and correct:

1.  I am over eighteen years old, of sound mind, and fully competent to make this declaration. It is based on my personal knowledge, information, and belief. I submit this declaration in support of the Plaintiffs' Renewed Motion for a Temporary Restraining Order.

2.  I am a retired employee of an airline in the United States. I am a dues-paying member of the Communications Workers of America (CWA), which is a local affiliate of the AFL-CIO. I am in a leadership position with my local union.

3.  Beginning in ▮, I assisted an Occupational Safety and Health Administration fatality investigation into the death of one of my represented local union members at the same airline at which I worked. I worked with the CWA Occupational Safety and Health Department during the investigation. I traveled to, and was in contact with, the members at the airport where the local union member was killed. While assisting OSHA, I investigated the working conditions and events that contributed to the fatality and shared that information with OSHA.

1

4. I also helped identify members and other non-managerial employees who had knowledge related to the fatality and working conditions. These members spoke with the OSHA inspector under the condition that their discussion was confidential. When members requested my presence during interviews with the OSHA inspector, I attended the interviews in my capacity as union leadership. During these interviews, the OSHA inspector collected personally identifying information. This interview testimony is part of the OSHA case files and, to the best of my knowledge, is on file with the Department of Labor.

5. During this investigation, many members spoke to the OSHA inspector only because of the promise of confidentiality. They did not want their employer to know they were providing testimony in the case against them, and feared retaliation if their identities and information they provided were not confidential.

6. The promise of confidentiality was critical to helping me find people willing to testify and in ensuring that OSHA could properly investigate the incident. It allowed me to tell my members that they could share this information with the OSHA investigator without fear. And it also assured me that I, too, could share information about the fatality without fear of retaliation by my employer.

7. If my members and I no longer believe that their information is confidential because people at the Department of Labor who are not involved in these investigations and who are not trained on the Department's confidentiality measures have access to sensitive information, I will not be able to tell my members that their information will be protected. And that will mean that members—including myself—may not be willing to come forward and report on instances in the future.

Executed on February 10, 2025

/s/