IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>DEPARTMENT OF LABOR, et al.,<br><br>   Defendants. | Case No 1:25-cv-00339-JDB<br><br>Judge John D. Bates |

**PARTIES' JOINT STATUS REPORT**

Pursuant to its Memorandum Opinion and Order Denying Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 18 (the "Order"), the Court ordered the Parties to file a proposed preliminary injunction motion briefing schedule (or other schedule) no later than February 12, 2025. The Parties have conferred and aver the following to the Court.

1. On February 11, 2025, Plaintiffs filed their First Amended Complaint ("FAC"), adding two additional Plaintiffs and four additional Defendants. The new Defendants are the U.S. Department of Health and Human Services ("HHS"), the Consumer Financial Protection Bureau ("CFPB"), and their respective acting agency leaders.

2. On February 12, 2025, Plaintiffs filed a renewed Motion for a Temporary Restraining Order ("TRO"), concurrent with filing this JSR.

3. The Parties conferred by email on February 12, 2025 to establish a briefing schedule. The Parties were unable to come to an agreement. The parties state their position as follows:

**Plaintiffs' Position**

1. In light of the exigent circumstances discussed throughout the FAC, and substantiated in their renewed Motion for a Temporary Restraining Order and supporting exhibits, Plaintiffs believe that there is an urgent need for this Court to enter a temporary restraining order to preserve what remains of the status quo with regard to Defendants Department of Labor, Department of Health and Human Services, and Consumer Financial Protection Bureau.

2. Although this Court denied Plaintiffs' prior Motion for a Temporary Restraining Order, it did so because it found that the declarations Plaintiffs submitted in support of their motion were inadequate, in discrete ways, to demonstrate their injuries. That deficiency, which Plaintiffs have now cured, did not bear on the merits of Plaintiffs' claims, only the manner in which Plaintiffs initially presented them. Given the Court's "concerns" about Defendants' conduct, Order 1, it is therefore appropriate for the Court to consider whether temporary relief is necessary to prevent further harm from Defendant Department of Labor's conduct.

3. Through their First Amended Complaint, Plaintiffs separately allege ongoing and imminent harm from Defendants' conduct at the Department of Health and Human Services and the Consumer Financial Protection Bureau. DOGE's continuing access to sensitive systems at those agencies violates multiple laws, constitutes continual unlawful disclosure of information, and creates a substantially elevated risk of further information loss or theft. Preserving those systems without this unlawful and dangerous access will permit the Court to appropriately consider the complex legal and factual

issues underlying this case without unnecessarily exposing the information contained within the agencies' systems.

4. Although different plaintiffs seek relief as to an agency involved in separate litigation in this court, *see NTEU v. Vought*, 25-cv-380 (Feb. 9, 2025), the plaintiff in that case has not requested preliminary relief in its complaint nor moved for it. Further, plaintiffs in this matter seek relief on grounds in addition to the single contrary to law claim alleged in *NTEU v. Vought*, ECF No. 1. Even if the relief sought were fully duplicative, "courts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief." *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020).

5. In the absence of an agreement to prevent access to data by DOGE at the Defendant agencies, which Plaintiffs remain willing to entertain, Plaintiffs therefore request that the Court hold a hearing on this motion by February 14, 2025, with an opposition brief by Defendants due the morning of the hearing.

**Defendants' Position**

1. Defendants believe that, as to Plaintiffs' claims against the Department of Labor ("DOL"), Plaintiffs have had the opportunity to move the Court for a TRO, and the Court denied that motion. DOL has not been subject to any restrictions on its activities since Friday evening. It would not be equitable to require DOL to agree to the relief the Court just denied (effectively, a requirement to prohibit USDS access to multiple agency systems until the Court can rule on a preliminary injunction motion) as a condition of proceeding on an already expedited preliminary injunction schedule.

2. As to the new agency Defendants, Defendants see no need for proceeding on a more expedited basis than a preliminary injunction. After initially apprising Defendants of their intent to add these entities to the complaint during the hearing on Friday, Plaintiffs have now waited five days, in the absence of any kind of stay, to seek an injunction on their behalf from the Court. This belies the need for any sort of stay pending adjudication of a preliminary injunction motion. In that time, another case advancing substantially similarly claims has been filed in this Courthouse. *See National Treasury Employees Union v. Vought*, 1:25-cv-00380-RJL.

3. Furthermore, Plaintiffs' FAC contains no specific allegations that USDS personnel will imminently access the systems mentioned within the FAC, nor that they will use those systems in ways that violate the law. Some of the access to information by USDS personnel alleged in the FAC, such as access to contract awards, does not appear to implicate the Privacy Act at all. The FAC is nearly twice as long as the original complaint, and Defendants must amass significant facts related to two new, and vast, agencies. Having adequate time to marshal these facts and present meaningful declarations to the Court will aid its decisionmaking.

4. Finally, the FAC does not limit itself to specific systems of records that are of concern to Plaintiffs as far as the relief requested is concerned. Any stay would therefore be incredibly broad and agency-wide, for multiple agencies, which is not warranted.

5. As such, Defendants' position is that Plaintiffs' renewed Motion for a TRO should be converted to a Motion for a Preliminary Injunction, and the Court should order a schedule in which Defendants have 5 business days to respond to the Plaintiffs' Motion, consistent with the local rules.

Respectfully submitted,

<table>
<tr><td>

*/s/ Aman T. George*

Mark B. Samburg (D.C. Bar No. 1018533)
Aman T. George (D.C. Bar No. 1028446)
Benjamin Seel (D.C. Bar No. 1035286)
Rachel F. Homer (D.C. Bar No. 1045077)
Robin F. Thurston (D.C. Bar No. 462679)
Somil B. Trivedi (D.C. Bar No. 1617967)
Skye L. Perryman (D.C. Bar No. 984573)

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
bseel@democracyforward.org
rhomer@democracyforward.org
rthurston@democracyforward.org
strivedi@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

</td><td>

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Michael J. Gerardi*
Michael J. Gerardi
Senior Trial Counsel (DC Bar No. 1017949)
Benjamin S. Kurland Trial Attorney (D.C. Bar Reg. No. 1617521)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: Michael.J.Gerardi@usdoj.gov

*Counsel for Defendants*

</td></tr>
</table>