UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFL-CIO, et al., | |
| Plaintiffs, | |
| vs. | Case No. 1:25-cv-00339-JDB |
| Department of Labor, et al., | |
| Defendants. | |

**JOINT STATEMENT BY THE PARTIES CONCERNING SCHEDULING IN THIS MATTER**

On February 14, this Court ordered the parties to file a proposed preliminary injunction motion briefing schedule by not later than February 18, 2025. ECF No. 34 at 11. The parties have conferred about their respective positions, which they detail below.

**I.  Plaintiffs' Position**

Plaintiffs believe that given the circumstances of this case, this Court should entertain a motion for limited expedited discovery prior to preliminary injunction proceedings. Without additional factual development, preliminary injunction proceedings will largely be duplicative of the issues this Court has already considered during two previous motions for a temporary restraining order. Targeted factual development will enable the Court to advance resolution of threshold questions for which the record is currently limited.

Plaintiffs intend to seek a preliminary injunction in this case. But Plaintiffs also believe that limited, expedited discovery is necessary to demonstrate the urgency of Plaintiffs' requested relief—restoring a status quo in which access to sensitive data systems hosted by Defendant Agencies is carefully limited. *See, e.g.*, *Attkisson v. Holder*, 113 F. Supp. 3d 156, 164 (D.D.C. 2015) (expedited discovery is more likely to be reasonable "when the plaintiff seeks to gain

1

evidence to get the court to preserve the status quo.") (internal quotation and citation omitted). As Plaintiffs will articulate in greater detail in a forthcoming motion, targeted expedited discovery will also facilitate this Court's review of Plaintiffs' claims on a record that is otherwise sparse and shifting. In particular, Plaintiffs believe this Court will be better able to assess irreparable injury to Plaintiffs from potential violations of the Economy Act and APA with limited factual development regarding:

(1) The rules governing DOGE's access to Defendant Agencies' systems, as set forth in part in the declarations submitted by Defendants, *see* ECF No. 34 at 1, 9-10 (Noting "the Court has serious concerns about the privacy concerns raised by this case, and those concerns are all the graver now that the data includes information on all Americans who rely on Medicare and Medicaid, as well as countless consumers," but that the Court cannot conclude that DOGE's access is arbitrary and capricious given Defendant Agencies' representations that DOGE employees will comply with applicable laws.)

(2) DOGE's structure and the detailing arrangements between DOGE and Defendant Agencies, *see* ECF No. 34 at 10 ("the Court will benefit from further briefing and analysis on a motion for a preliminary injunction" with respect to the "Economy Act question"). *See also* Declaration of Joshua Fisher, *State of New Mexico v. Elon Musk*, 1:25-cv-00429, ECF No. 24-1 (D.D.C. Feb. 17, 2025) (representing that Elon Musk is not an employee of DOGE, nor is he the U.S. DOGE Service Administrator); Alayna Treene (@alaynatreene), X (Feb. 18, 2025, 1:52 pm) https://x.com/alaynatreene/status/1891923721499099204 (quoting the White House Press Secretary as saying "DOGE does not have statutory authority.")

2

https://x.com/alaynatreene/status/1891923721499099204; Alayna Treene (@alaynatreene), X (Feb. 18, 2025, 1:58 pm) https://x.com/alaynatreene/status/1891925163425317214 (saying the White House Press Secretary "did not answer directly" who is currently the administrator or leader of DOGE),

To fill these factual gaps, facilitate efficient resolution of the claims in this case, and avoid duplicative proceedings, Plaintiffs intend to move no later than February 19, 2025 for limited, expedited discovery. Plaintiffs' requests will be narrowly tailored to the facts necessary for this Court to evaluate the need for a preliminary injunction in this case.

Plaintiffs believe it would be appropriate for this Court to issue a ruling on Plaintiffs' forthcoming expedited discovery motion and allow that process to be completed prior to setting a preliminary injunction schedule. Nonetheless, to the extent an illustrative schedule would be of assistance to this Court, Plaintiffs propose the following:

- February 19, 2025: Plaintiffs move for expedited discovery
- February 24, 2025: Defendants file any opposition to Plaintiffs' motion
- February 26, 2025: Plaintiffs file a reply in support of expedited discovery
- February 28, 2025: This Court rules on Plaintiffs' motion; and, if it grants Plaintiffs' motion:
- March 3, 2025: Defendants begin responding to Plaintiffs' discovery requests
- March 24, 2025: Defendants complete productions and responses to Plaintiffs' discovery requests
- April 1, 2025: Plaintiffs move for a preliminary injunction

3

- April 8, 2025: Defendants respond to Plaintiffs' motion for a preliminary injunction
- April 11, 2025: Plaintiffs reply in support of their motion for a preliminary injunction

## II.   Defendants' Position

Defendants oppose Plaintiffs' proposed motion for expedited discovery and intend to file an opposition to any such motion, as any discovery is unwarranted at this stage. Permitting expedited discovery as a prelude to the filing of yet another emergency motion for injunctive relief in this case is particularly unwarranted.

As set forth in their oppositions to Plaintiffs' two TRO motions, Defendants contend Plaintiffs lack standing to bring this case; that there has been no final agency action; and that the Privacy Act provides an adequate, alternative remedy such that it precludes claims brought pursuant to the APA. Neither discovery nor an administrative record is necessary to resolve these threshold issues. *See, e.g., Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (rejecting argument that district court erred in refusing to compel production of the administrative record before deciding motion to dismiss); *Colorado Wild Horse & Burro Coal., Inc. v. Kempthorne*, 527 F. Supp. 2d 3 (D.D.C. 2007) (rejecting motion for discovery in face of motion to dismiss where Plaintiffs' failed to show final agency action and cognizable APA claim).

Even if those threshold issues were resolved in Plaintiffs' favor, the Court must generally base its review in an APA case "on the full administrative record that was before the [agency] at the time [it] made its decision," not on a record generated through discovery. *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (second alteration in original) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). Until the Court

4

resolves the threshold issues noted above, the question of what constitutes the administrative record, what it might contain, or whether it is insufficient and subject to supplementation, including via discovery, are premature.

Defendants propose that the proper course of action is for Defendants to file a motion to dismiss, to include the threshold issues discussed above, and for the Court to adjudicate that motion before Plaintiffs are permitted to move for discovery. Defendants would be willing to shorten their normal time to respond to the complaint and file a Motion to Dismiss within 10 days of the Court's issuance of a scheduling order. If the Court denies that motion, the parties should address next steps at that time, taking into account the Court's basis for denying the motion. If Plaintiffs proceed with another emergency motion in the form of a preliminary injunction motion, Defendants intend to combine their response with a Motion to Dismiss. Defendants also oppose Plaintiffs' request for expedited briefing on their motion for expedited discovery. There is no reason to support that request, again in light of the Court's now denying Plaintiffs' previous two motions for emergency relief.

***

The parties are available to discuss these issues further with the Court as the Court determines necessary.

Dated: February 18, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Aman T. George* | BRETT A. SHUMATE |
| | Acting Assistant Attorney General |
| Mark B. Samburg (D.C. Bar No. 1018533) | Civil Division |
| Aman T. George (D.C. Bar No. 1028446) | |
| Benjamin Seel (D.C. Bar No. 1035286) | MARCIA BERMAN |
| Rachel F. Homer (D.C. Bar No. 1045077) | Assistant Branch Director |
| Robin F. Thurston (D.C. Bar No. 462679) | Civil Division, Federal Programs Branch |
| Somil B. Trivedi (D.C. Bar No. 1617967) | |
| Skye L. Perryman (D.C. Bar No. 984573) | */s/ Michael J. Gerardi* |
| | Michael J. Gerardi |
| DEMOCRACY FORWARD FOUNDATION | Senior Trial Counsel (DC Bar No. 1017949) |
| P.O. Box 34553 | Benjamin S. Kurland Trial Attorney (D.C. Bar Reg. No. 1617521) |
| Washington, D.C. 20043 | United States Department of Justice |
| Telephone: (202) 448-9090 | Civil Division, Federal Programs Branch |
| Fax: (202) 796-4426 | 1100 L St. NW |
| msamburg@democracyforward.org | Washington, DC 20005 |
| ageorge@democracyforward.org | Tel: (202) 616-0680 |
| bseel@democracyforward.org | Fax: (202) 616-8460 |
| rhomer@democracyforward.org | E-mail: Michael.J.Gerardi@usdoj.gov |
| rthurston@democracyforward.org | |
| strivedi@democracyforward.org | *Counsel for Defendants* |
| sperryman@democracyforward.org | |

*Counsel for Plaintiffs*