UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN FEDERATION OF LABOR
AND CONGRESS OF INDUSTRIAL
ORGANIZATIONS, et al.,

    Plaintiffs,

    v.

DEPARTMENT OF LABOR, et al.,

    Defendants.

Civil Action No. 25-0339 (JDB)

### ORDER

    The Court has reviewed [42] the parties' joint statement concerning scheduling. In brief, plaintiffs state their intention to file a motion for limited, expedited discovery to precede expedited preliminary-injunction briefing, while defendants assert no discovery is needed because the issues in this case can be decided on a motion to dismiss. As explained below, the Court will strike a balance between the parties' proposed courses of action.

    To begin, the Court concludes that properly-limited, expedited discovery would be appropriate and beneficial here. Defendants rightly point out that a district court's role in traditional APA cases is limited to reviewing the administrative record. See, e.g., Am. Bioscience, Inc. v. Thompson, 543 F.3d 579, 582. However, this is an unusual case. Plaintiffs don't contend that the decisions or policies they challenge were made through a formal process or otherwise produced a record like the Court may see in a typical APA case. Indeed, one of the core questions here is whether the defendants even took the actions (or established the policies) that plaintiffs challenge. There's no way for the Court to decide that question—or the follow-up question of whether those policies were in accordance with law—without some evidence of defendants'

1

decisionmaking process. So, in this APA case, discovery is appropriate. Limited discovery could also benefit the Court by helping it decide additional factual questions necessary to resolving other critical legal issues. For example, plaintiffs have thus far asserted theories of standing, likelihood of success on the merits, and irreparable harm that turn on whether individuals not permitted under the Privacy Act to view personal information are viewing or will view that information. See generally Mem. Op. & Order [ECF No. 34]. Exploring that subject through expedited, targeted, and limited discovery thus should be beneficial.

Therefore, the Court will entertain plaintiffs' forthcoming motion for expedited discovery. The Court notes, however, that plaintiffs must specifically propose discovery that is properly limited not only in duration, but in scope and form. In terms of scope, the discovery should be focused on the factual issues it would help to resolve at this stage. In terms of form, the discovery should be primarily—if not exclusively—written discovery. The Court will permit defendants to respond to plaintiffs' motion for expedited discovery and object to the limits plaintiffs propose.

Although it will entertain plaintiffs' motion for expedited discovery, the Court concludes that the prospect of discovery does not preclude defendants from taking their desired next step as well. Defendants may file a motion to dismiss, and if the Court determines the resolution of the motion doesn't turn on factual issues implicated in any ongoing discovery, the Court may resolve the motion before plaintiffs file their preliminary-injunction motion.

For these reasons, it is hereby **ORDERED** that:

- As to expedited discovery,
    - Plaintiffs shall file their proposed motion for expedited, limited discovery by not later than February 19, 2025;

2

- o   Defendants shall respond to plaintiffs' motion for expedited discovery by not later than February 24, 2025;
- o   Plaintiffs shall reply to defendants' response to the motion for expedited discovery by not later than February 26, 2025;
- o   Any discovery ordered shall commence on February 28, 2025; and
- o   That discovery shall be completed by not later than March 24, 2025.
- As to defendants' motion to dismiss,
  - o   Defendants shall file their motion to dismiss by not later than February 28, 2025;
  - o   Plaintiffs shall respond to defendants' motion to dismiss by not later than March 7, 2025; and
  - o   Defendants shall file their reply to plaintiffs' response to the motion to dismiss by not later than March 14, 2025.
- As to plaintiffs' preliminary-injunction motion,
  - o   Plaintiffs shall file their preliminary-injunction motion by not later than April 1, 2025;
  - o   Defendants shall respond to the preliminary-injunction motion by not later than April 8, 2025; and
  - o   Plaintiffs shall file their reply to defendants' response to the preliminary-injunction motion by not later than April 11, 2025.

**SO ORDERED.**

/s/

JOHN D. BATES<br>
United States District Judge

Dated: <u>February 19, 2025</u>