# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *AFL-CIO, et al.*, | |
| *Plaintiffs*, | |
| *vs.* | Case No. 1:25-cv-00339-JDB |
| *Department of Labor, et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' [PROPOSED] INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO"), American Federation of Government Employees ("AFGE"), American Federation of State, County & Municipal Employees, AFL-CIO ("AFSCME"), Service Employees International Union, AFL-CIO ("SEIU"), Communication Workers of America, AFL-CIO ("CWA"), Economic Policy Institute ("EPI"), Virginia Poverty Law Center ("VPLC"), Economic Action Maryland Fund ("EAMF"), and American Federation of Teachers ("AFT"), through their undersigned attorneys, propound the following Interrogatories and Requests for Production of Documents ("RFPs") to Defendants the Department of Labor ("DOL"), the Department of Health and Human Services ("HHS"), the Consumer Financial Protection Bureau ("CFPB"), the U.S. DOGE Service ("USDS"), and the U.S. DOGE Service Temporary Organization (together with USDS, "DOGE").

**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to the Interrogatories, Requests for Production, and Requests for Depositions Pursuant to Fed. R. Civ. P. 30(b)(6), set forth below:

1. "Access" means the ability to directly review records in an agency system;

1

2. "Defendant Agencies" means the Department of Labor ("DOL"), Department of Health and Human Services ("HHS"), and Consumer Financial Protection Bureau ("CFPB");

3. "DOGE" refers collectively to the U.S. DOGE Service and U.S. DOGE Service Temporary Organization;

4. "DOGE Employee" refers to any individual who is employed by DOGE or otherwise works for DOGE (including volunteers, if any), including any individual employed by DOGE but detailed to one or more federal agencies;

5. "Identify" when used in connection with the term "individual" or "individuals" means to state the person's name, title, and employing agency.

6. "Sensitive Systems" refers to any system of records that contains Personally Identifiable Information (PII), Personal Health Information (PHI), trade secrets, or confidential business information.

7. You are requested to complete responses to interrogatories and document requests at least four calendar days before the earliest date of any depositions.

8. Unless otherwise-specified, the time period covered by these discovery requests is January 20, 2025 until March 24, 2025. You are hereby requested to supplement your responses on an ongoing basis, up to and including the end date of this discovery period.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

1. Identify each DOGE Employee who has Accessed, has been granted permission to Access, or has a pending request to Access, any Sensitive Systems at Defendant Agencies, and for each, please provide:

    a. The names of each Sensitive System that the DOGE Employee has been granted Access to;

    b. The date that the DOGE Employee was granted permission to Access Sensitive Systems at Defendant Agencies;

    c. The identity of any employee of Defendant Agencies who authorized the DOGE Employee to Access Sensitive Systems;

    d. The name and description of each training program the DOGE Employee completed prior to being granted Access to each Sensitive System;

    e. A summary of the actual usage of each Sensitive System by the DOGE Employee, including a description of the records reviewed, the purpose for which they were reviewed, any restrictions on the DOGE Employee's Access, and whether any records were modified, copied, shared or removed from Defendant Agencies' systems, and, if so, the identity of any person(s) with whom those records have been shared;

    f. A complete list of the federal agencies to which the DOGE Employees are or have been detailed since January 20, 2025;

    g. The name and a summary of the function of any software installed by, or caused to be installed by, the DOGE Employee on Agency networks or systems;

    h. The names of each Sensitive System to which DOGE Employees have been denied access by Defendant Agencies;

2. With respect to structure of DOGE and the relationship between DOGE and DOGE Employees detailed to Defendant Agencies,

    a. Identify the individual who has been appointed to or is, in fact, serving in the role of the USDS Administrator, as that term is used in Section 3(b) of Executive Order 14158.

    b. Identify any individual(s) within DOGE or the Executive Office of the President who exercises authority over government-wide DOGE operations, including with respect to the following decisions:

3

      i. Which agencies a DOGE Employee will be detailed to;

      ii. Which DOGE Employees to deploy to each agency;

      iii. How a DOGE Employee should implement the President's "DOGE Agenda" at agencies, including the scope of work to be performed at agencies; and

      iv. How a DOGE Employee should resolve conflicts with employees of Defendant Agencies concerning the scope of the authority DOGE Employees may exercise at the agencies or the scope of the DOGE Employee's access to the Sensitive Systems of one of the Defendant Agencies.

c. If there are multiple individuals within the Executive Office of the President who exercise authority related to the detailing of DOGE Employees to Defendant Agencies, please (i) identify all such individuals and (ii) describe the scope of their authority.

d. Identify the circumstances under which information gathered from Sensitive Systems may be shared between a DOGE Employee detailed to one of the Defendant Agencies and any persons not employed by Defendant Agencies, such as DOGE Employees detailed to different agencies (even if the different agency is also one of the Defendant Agencies), DOGE Employees not detailed to any agency, employees at other federal agencies or within the White House Executive Office of the President, or individuals who are not government employees;

e. Identify the individual(s) within the federal government who have the authority to supervise, discipline, terminate, or reinstate a DOGE Employee who has been detailed to one of the Defendant Agencies;

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Copies of any nondisclosure agreements signed by DOGE Employees detailed to Defendant Agencies, including but not limited to the nondisclosure agreements referenced in the Declaration of Adam Martinez, ECF No. 31-3 ¶ 6 and any similar agreements that may exist at other Defendant Agencies;

2. Copies of any written agreements or certifications governing or describing the detail of DOGE E    mployees to Defendant Agencies, including but not limited to the detail agreements referenced in the Declaration of Garey Rice, ECF No. 31-2 ¶ 7, the Martinez Decl., ECF No. 31-3 ¶ 8, the memorandum of understanding that is in place between HHS and another federal agency, which is referenced in the Rice Decl., ECF No. 31-2 ¶ 8, task orders describing DOGE's responsibilities in the Declaration of Ricky J. Kryger, Dkt. 31-1 ¶ 5, detail agreements effectuating the DOGE detail described in the Declaration of Adam Ramada, ECF No. 16-1 ¶ 6, and any other similar agreements setting forth or describing the terms of DOGE's work at Defendant Agencies;

3. Copies of any written guidelines for DOGE Employees' access to Sensitive Systems, including but not limited to the guidelines referred to in the Declaration of Kryger Decl., ECF No. 31-1 ¶ 8 and any other similar guidelines that may exist at Defendant Agencies;

4. Copies of any certifications or access agreements signed by DOGE Employees or their supervisors in order to grant them access to Sensitive Systems, including but not limited to the access agreements and Request to Access forms referenced to in the Kryger Decl., ECF No. 31-1 ¶ 8, any written authorization referenced to in the Martinez Decl., ECF No. 31-3 ¶ 9, and any other similar authorizations that may exist at Defendant Agencies.

5. Copies of any privacy and/or cyber security training materials or documents provided to DOGE Employees on detail to Defendant Agencies, as referenced in in the Martinez Decl., ECF No. 31-3 ¶ 6;

6. Copies of any "confidentiality protocols" established to govern the access of DOGE Employees, as referenced in the Kryger Decl.,ECF No. 31-1 ¶ 9, and any other similar authorizations that exist at Defendant Agencies; and

7. Copies of any documents or records in which the DOL Office of the Chief Information Officer ("OCIO") granted "specific approval" for users of "the data, information, or documents from DOL information systems . . . to share this data, information, or documents outside of DOL information systems," as referenced in the Kryger Decl., ECF No. 31-1 ¶ 11, and any similar approvals granted at other Defendant Agencies. This request is limited to approvals for the sharing of data, information, or records by or to a DOGE Employee.

5

**PLAINTIFFS PROPOSED DEPOSITIONS PURSUANT TO FED. R. CIV. P. 30(B)(6)**

Plaintiffs seek four depositions under Fed. R. Civ. P. 30(b)(6), one addressing each Defendant Agency and one addressing DOGE, addressing the topics listed below. Plaintiffs propose that each deposition last a maximum of three and a half hours.

**Defendant Agencies 30(b)(6) Topics:**

1. The security and privacy policies, procedures, practices, and protocols governing the access to, use of, and alterations to the Agency's Sensitive Systems and the information they contain, as of January 19, 2025 and between January 20, 2025 and the date of deposition.

2. The role and responsibilities of DOGE Employees working at the Agency between January 20, 2025 and the date of deposition, including their identities; their titles and the governmental entity by which they are employed; their access to and use of Agency Sensitive Systems, including any relevant training they received; their authority with regard to Agency staff; the supervision of DOGE Employees and other members of DOGE Teams; and the policies, procedures, and protocols pertaining to their detailing to and activities at the Agency.

3. The actual use of Sensitive Systems by DOGE Employees between January 20, 2025 and the date of deposition, including: identifying which Sensitive Systems have been accessed and the scope and purpose of any access; whether DOGE Employees have installed, directly or indirectly, any software on Agency systems and the nature, purpose, and functionality of any such software; whether DOGE Employees have disseminated any information collected from Sensitive Systems, and the scope, purpose, and legal authority for any such dissemination.

6

**DOGE 30(b)(6) Topics:**

1. The mission, responsibilities, leadership structure, and decision-making structure of DOGE (including the relationship of DOGE to DOGE Employees detailed to or otherwise working at or with Defendant Agencies) between January 20, 2025 and the date of deposition.

2. The scope of the authority DOGE possesses with regard to the Defendant Agencies, and the derivation of that authority between January 20, 2025 and the date of deposition.

3. The role and responsibilities of all DOGE Employees detailed to or otherwise working at or with Defendant Agencies, or having supervisory authority over DOGE Employees detailed to or otherwise working at or with Defendant Agencies, between January 20, 2025 and the date of deposition, including their titles at DOGE and any federal government entity; their responsibilities at Defendant Agencies, DOGE, and any other federal government entities to which they have been detailed and/or otherwise assigned; their access to and use of the Defendant Agencies' Sensitive Systems and any relevant training they received either from Defendant Agencies or from DOGE; their authority with regard to Agency staff; the supervision of said DOGE Employees; and the policies, procedures, and protocols pertaining to their detailing to and activities at the Agency.