# EXHIBIT F

# Exhibit A

| | |
|---|---|
| **From:** | Stacey Leyton |
| **Sent:** | Monday, March 10, 2025 8:33 AM |
| **To:** | Todd, James (CIV); Danielle Leonard; Eileen Goldsmith; Scott Kronland; Rushab Sanghvi; mblumin@afscme.org; Teague Paterson; Norman@statedemocracydefenders.org; Pooja Chaudhuri; Robin Tholin; James Baltzer |
| **Cc:** | Helland, Kelsey (USACAN); Fuchs, Yuri S (CIV) |
| **Subject:** | RE: AFGE v. OPM, No. 3:25-cv-1780 (N.D. Cal.) - Plaintiffs' Notices of Deposition and Subpoenas |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Counsel,

Thank you for informing us about the status of Anita Adkins and Erin Moore. We will withdraw our deposition notices as well as our request that you accept service of the subpoenas for those two individuals.

Of course, as you know, "late-Thursday" was not the first time DOJ became aware of the need to make Mr. Ezell as well as other government officials with relevant knowledge available for testimony. On February 27, the Court ordered that Mr. Ezell testify at the hearing on March 13, without any objection from DOJ. Since February 27, we have been attempting to work with you to confirm that Mr. Ezell will attend. You suggested that you were still deciding and that we should not take the matter to the Court, but we requested a status conference in order to move the process forward. At that status conference on March 6, the Court offered *as an accommodation to Mr. Ezell* that at his option, instead of appearing in person at the March 13 hearing he could either appear for a deposition or testify remotely on March 13 from Washington DC. As Mr. Ezell submitted a sworn declaration to this Court (which was, as the Court pointed out, the *only* evidence that DOJ submitted in opposition to our TRO application), plaintiffs are entitled to cross-examine him about the basis for his statements. The Government's after-the-fact representation that he lacks relevant information does not excuse his obligation. In none of our communications on this issue since February 27, have you ever stated that he is actually unavailable, for the live hearing, for remote testimony, or for the alternative deposition that we offered as an accommodation.

 Similarly, on February 27, the Court ordered that DOJ provide the names of the individuals who were on a February 13, 2025 call between OPM and federal agencies (after you claimed, based on Mr. Ezell's lone declaration, that the agencies made the relevant decisions and that only those individuals who were on the relevant calls would have reliable information about what instruction was given) and ordered expressly that Plaintiffs would be permitted to call 3-4 of those individuals to testify on March 13. The morning after you provided that list, we provided to you the names of the four individuals whose testimony we requested. Since that date, we have, again, repeatedly attempted to communicate with you to obtain confirmation that they would attend the hearing. And again, you proposed that we continue to wait for an answer rather than taking the matter to the Court. Again, at that status conference the Court offered *as an accommodation to those individuals* that they could instead appear for depositions or testify remotely. The Court also advised that if DOJ was insisting on subpoenas we should issue them, and we immediately did so that evening, along with deposition notices to accommodate the preferred manner and location of your witnesses' testimony.

 Thus, DOJ has been well aware of the need for these government officials to testify since February 27. The Court also, on March 6, authorized us to subpoena other witnesses who were parties to relevant communications, to which no objection was made.

1

Your email does not raise any concerns about the accommodation of testifying remotely on March 13, and does not state that *any* of the witnesses who have been subpoenaed are unavailable for either testimony on March 13 or depositions on March 11.  The Court has ordered these witnesses to appear, and our attempts to accommodate have been met with delays rather than real engagement.  At this point, we have not been provided any basis to understand that witnesses could not appear in person or testify remotely.  If there are those who have legitimate reasons they cannot travel or appear remotely, of course, we are willing to work with you on the location or timing of the depositions.  We could conduct depositions on both March 11 and 12 if that is more convenient for counsel and your witnesses.  But the Court made clear that the deposition testimony would be taken as an accommodation, so that it could be presented at the hearing.

Finally, with respect to the number of additional witnesses we were authorized to subpoena, we have now reduced those by two, and, should you present any real concern regarding schedule or difficulty for the rest, we are sure we can accommodate those witnesses who are available by taking short depositions on either March 11 or 12, or arranging a time to appear remotely on the 13th.  Please let us know whether you have a proposal along those lines.  We are also open to any reasonable proposal regarding the total number of witnesses.  However, given the impending hearing date, we do not agree to any alteration of the 12 noon deadline imposed by the Court.

Stacey

Stacey Leyton
[(hear my name)](hear my name)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Office: (415) 421-7151 ext. 304
Cell: (415) 378-6427
[sleyton@altber.com](mailto:sleyton@altber.com)
Pronouns: she/her
----


Legal administrative assistant: Desiree Medina
[dmedina@altber.com](mailto:dmedina@altber.com)

ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a wver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**From:** Todd, James (CIV) <James.Todd@usdoj.gov>
**Sent:** Sunday, March 9, 2025 6:48 PM

**To:** Danielle Leonard <dleonard@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Eileen Goldsmith <egoldsmith@altshulerberzon.com>; Scott Kronland <skronland@altshulerberzon.com>; Rushab Sanghvi <Sanghr@afge.org>; mblumin@afscme.org; Teague Paterson <TPaterson@afscme.org>; Norman@statedemocracydefenders.org; Pooja Chaudhuri <pooja@statedemocracydefenders.org>; Robin Tholin <rtholin@altshulerberzon.com>; James Baltzer <jbaltzer@altshulerberzon.com>
**Cc:** Helland, Kelsey (USACAN) <Kelsey.Helland@usdoj.gov>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>
**Subject:** AFGE v. OPM, No. 3:25-cv-1780 (N.D. Cal.) - Plaintiffs' Notices of Deposition and Subpoenas

Counsel –

We write regarding the 12 deposition notices and 12 subpoenas you served on Defendants on March 6, 2025, 8:00pm PST, to see if the parties can resolve issues with the notices and subpoenas without further involvement of the court.

First, we note that, absent a court order modifying Federal Rule of Civil Procedure (FRCP) 26, Rule 26 allows each party to take no more than 10 depositions. Are Plaintiffs amenable to willing to retract any of the deposition notices?

Second, absent leave of court, FRCP 30 does not allow a deposition to occur before the time specified in Rule 26(d). Rule 30 also requires reasonable written notice. And for non-party witnesses, Rule 45 requires the issuance of a subpoena, and that Rule likewise requires a reasonable time to comply. Rule 45 additionally requires that a command to appear not subject a person to undue burden. Defendants do not believe that Plaintiffs' late-Thursday deposition notices commanding witnesses to appear and give testimony on Tuesday, March 11, 2025, provides reasonable written notice or allow a reasonable time to comply. Defendants further believe that commanding witnesses to appear for depositions that continue or commence after regular business hours on East coast time (i.e., after 5:30pm EDT), subjects witnesses to undue burden. Would Plaintiffs be willing to work with Defendants to reschedule these depositions to take place on a more reasonable schedule that provides the witnesses with a reasonable amount of time to comply and to appear at a reasonable time of day? Additionally, we understand that Plaintiffs may be planning to take these depositions remotely by video. Would Plaintiffs be willing to change the location at witnesses must appear to our office in Washington, DC? We are willing to perform a technical check the day before any deposition to ensure a working video connection.

Third, we write to advise you that we learned on Friday that two of the witnesses for whom you have noticed depositions and issued subpoenas are no longer federal government employees. It is our understanding that Anita Adkins retired from the U.S. Department of Agriculture in late January and that Erin Moore accepted the government's Deferred Resignation offer and turned in her work ID, and government issued phone and computer in February. Thus, we must withdraw our agreement to accept service of the deposition notices and subpoenas issued for Ms. Adkins and Ms. Moore unless and until such time as we get in contact with them and they authorize us to accept service on their behalf. In the meantime, in the absence of being able to get in touch with them, we do not believe that they will be available on Tuesday or Thursday of this week.

Additionally, you noticed Charles Ezell to give deposition testimony on March 11, 2025, and subpoenaed him to appear at the March 13, 2025, evidentiary hearing before Judge Alsup. As you know Mr. Ezell is the Acting Director of an Executive Branch agency, and courts have place limits on testimony that can be elicited from the heads of Executive Branch agencies. We have also been informed that Acting Director Ezell did not participate in, and therefore has no direct knowledge of, the February 13, 2025 OPM that is at issue in this case. We have also been informed that Mr. Ezell also only participated at the beginning of the February 14, 2025, OPM call with CHCOs and therefore has limited direct knowledge of the remainder of that call that is also at issue in this case. We have further been informed that OPM employee Amanda Scales fully participated in both calls. In lieu of continuing to seek Mr. Ezell's testimony, would Plaintiffs be amenable to Defendants providing a declaration from Ms. Scales, together with relevant documents concerning those calls, after which Plaintiffs could, if necessary, serve a notice for her to appear for deposition?

Finally, Plaintiffs' subpoenas command witnesses who do not reside, are not employed, and do not regularly transact business in California to appear at an evidentiary hearing in San Francisco with less than one week's notice. Are Plaintiffs willing to withdraw the subpoenas?

Thank you for considering our questions.

Jim Todd
U.S. Dep't of Justice, Civil Division
Federal Programs Branch
1100 L Street NW
Washington DC 20001
202-514-3378