UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFL-CIO, et al., | |
| *Plaintiffs*, | |
| *vs.* | Case No. 1:25-cv-339-JDB |
| U.S. Department of Labor, et al., | |
| *Defendants*. | |

**PLAINTIFFS' MOTION FOR MODIFICATION OF THIS COURT'S DISCOVERY ORDER**

To support their motion for reconsideration of this Court's February 27 order granting expedited discovery, ECF No. 48, Defendants made a number of new representations, supported by new declarations for the record, about DOGE's access at Defendant Agencies. *See* ECF Nos. 51, 52. As detailed at length in Plaintiffs' opposition to Defendants' motion for reconsideration, these new facts do not resolve the need for discovery in this case. *See* ECF No. 53. To ensure that the record before this Court is complete, Plaintiffs seek limited modifications to the discovery approved in the Court's February 27 order.[1]

---

[1] Plaintiffs have conferred with Defendants about this motion. Defendants offer the following position: "Defendants oppose Plaintiffs' motion. Defendants will file a combined opposition to this motion and reply brief in support of their motion for reconsideration, ECF No. 51, on Tuesday, March 18."

Plaintiffs do not believe a reply to Plaintiffs' opposition, ECF No. 53, is necessary for this Court to decide Defendants' motion for reconsideration, and respectfully request that given the short time remaining in the discovery period, this Court decide Defendants' motion for reconsideration as quickly as possible. The parties had previously agreed for Defendants to produce written discovery responses to Plaintiffs today. But Defendants informed Plaintiffs for the first time today that they do not plan to produce any written discovery responses to Plaintiffs today given the pendency of their motion for reconsideration and this motion. Given the need for Plaintiffs to be able to review written discovery responses ahead of scheduled depositions, and prepare a

1

**LEGAL STANDARD**

Parties may obtain discovery into any nonprivileged matter relevant to their claims and defenses, Fed. R. Civ. P. 26(b)(1), and district courts have "broad discretion over the structure, timing, and scope of discovery." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020). The reasonableness of expedited discovery is a discretionary inquiry, to be considered "in light of all of the surrounding circumstances." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014). Five circumstances that are relevant to a court's inquiry are: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (internal citations and quotations omitted).

**ARGUMENT**

Given the ongoing changes to Defendants' approach to granting DOGE access to Defendant Agencies' sensitive systems, limited modifications to the discovery requests previously approved by this Court would be reasonable. Such modifications would ensure that the employment arrangements now described by Defendants are able to be explored, and that Defendants' new approach does not allow them to evade needed disclosures in this case.

The discovery requests that Plaintiffs previously proffered were based on the Defendants' representations at the time as to the formal employment agreements between DOGE and Defendant Agencies. Plaintiffs have attached proposed modifications to the approved and proffered discovery requests to account for this change, *see* Exhibit A.

---

preliminary injunction motion by April 1 as previously ordered by this Court, Plaintiffs believe that delays in Defendants' responses are unnecessary and prejudicial.

The proposed modifications simply (1) clarify that, wherever previous discovery requests made reference only to DOGE detailees, the request is also intended to cover DOGE staff working at and ostensibly employed by Defendant Agencies, and (2) seek clarity about the scope and terms of DOGE employees' multiple-concurrent-employment arrangements across agencies. *See* Exhibit A.

These modifications are reasonable for largely the same reasons this Court already found discovery reasonable in its February 27 Order. ECF No. 48. These minor modifications do not meaningfully change the breadth or burden of the requests, and continue to seek information for precisely the same permissible purpose—clarifying "the facts that bear on irreparable harm" that "remain opaque," such as "the structure of USDS and the scope of its authority" and the "extent of access to sensitive systems agencies have given USDS employees." *See* ECF No. 48 at 8, 10. These modifications similarly do not meaningfully alter this Court's previous conclusions concerning the weight afforded to the pendency of a preliminary injunction motion, or how far in advance of typical discovery this expedited discovery request was made.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this court grant their request to modify this Court's February 27 discovery order.

Dated: March 14, 2025

Respectfully submitted,

*/s/ Aman T. George*

Aman T. George (D.C. Bar No. 1028446)
Mark B. Samburg (D.C. Bar No. 1018533)
Rachel F. Homer (D.C. Bar No. 1045077)
Robin F. Thurston (D.C. Bar No. 462679)
Somil B. Trivedi (D.C. Bar. No. 1617967)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
rhomer@democracyforward.org
rthurston@democracyforward.org
strivedi@democracyforward.org
sperryman@democracyforward.org
*Counsel for Plaintiffs*

Teague P. Paterson (D.C. Bar No. 144528)
Matthew S. Blumin (D.C. Bar No. 1007008)
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO
1625 L Street N.W.
Washington, DC 20036
Telephone: (202) 775-5900
Facsimile: (202) 452-0556
tpaterson@afscme.org
mblumin@afscme.org
*Counsel for American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

Rushab B. Sanghvi (D.C. Bar No. 1012814)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street N.W.
Washington, DC 20001
Telephone: (202) 639-6426
Facsimile: (202) 329-2928
SanghR@afge.org

*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Steven K. Ury* (D.C. Bar 1643947)
SERVICE EMPLOYEES INTERNATIONAL UNION
1800 Massachusetts Avenue, NW,
Legal Department, 6th Floor,
Washington, DC 20036
Telephone: (202) 730-7428
steven.ury@seiu.org
*Counsel for Plaintiff Service Employees International Union*

Matthew Holder**
COMMUNICATION WORKERS OF AMERICA, AFL-CIO
501 Third Street N.W.
Washington, D.C. 20001
Telephone: (202) 215-6788
mholder@cwa-union.org

* Motion for admission forthcoming
** Motion for admission *pro hac vice* forthcoming