### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

AMERICAN FEDERATION OF LABOR
AND CONGRESS OF INDUSTRIAL
ORGANIZATIONS, et al.,

      Plaintiffs,

      v.

DEPARTMENT OF LABOR, et al.,

      Defendants.

Civil Action No.  25-339 (JDB)

### ORDER

Before the Court is [52] defendants' sealed motion for leave to file under seal or redact certain documents in support of defendants' motion for reconsideration.  For the following reasons, the Court grants the motion in part and denies it in part.

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'"  EEOC v. Nat. Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting Johnson v. Greater Se. Comm. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  To determine whether a movant may have overcome that presumption, courts in this Circuit assess six factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

Id.

Here, defendants have not overcome the strong presumption of public access to judicial proceedings as to the SF-61s they seek to seal or the affiants' names they seek to redact.  To show

why, the Court need only assess in detail factors one, four, and six because those factors firmly favor denying defendants' motion to seal.[1]

"[T]here is a 'need for public access' in those instances where 'the documents at issue [are] . . . specifically referred to in the trial judge's public decision.'"  Nat. Children's Ctr., 98 F.3d at 1409 (alterations in original).  In order to thoroughly resolve defendants' pending motion for reconsideration of the Court's expedited discovery order and plaintiffs' pending motion to amend that same order, the Court determines that it will need to refer to the names of the SF-61 affiants. To explain why, let's jump to the sixth factor, the purposes for which the documents were introduced during judicial proceedings.  Defendants submit the three SF-61s to provide documentary support for the central argument of their motion for reconsideration: that, because USDS is no longer detailing its employees to defendant agencies but instead those agencies are directly hiring USDS employees as their own, expedited discovery is no longer appropriate.  See Mem. L. Supp. Defs.' Mot. Recons. [ECF No. 51-1] at 1–2.  And "[t]he more relevant a [filing] is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes."  Guttenberg v. Emery, 26 F. Supp. 3d 88, 96 (D.D.C. 2014) (internal quotation marks omitted).  Contrary to defendants' argument otherwise, the mere fact the agencies hired individuals is not sufficient to dispose of their motion.  The names of the individuals—each of whom has been publicly reported to be part of DOGE—show that those that have been hired are not only DOGE employees, but prominent employees.  See infra, at 3–4. This undergirds some of plaintiffs'

---

[1] This is not to say that factors two, three, and five favor sealing the documents. They too favor public access, but simply for reasons that overlap heavily with the reasons factors one, four, and six do: Similar to factor four, "when 'much of the critical information is already in the public forum' factor two "weigh[s] in favor of unsealing . . . materials,'" Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010) (second alteration in original) (quoting In re Application of N.Y. Times Co., 585 F. Supp. 2d 83, 93 (D.D.C. 2008)); defendants, not the affiants, are the ones opposing disclosure of affiants' already publicly reported identities (factor three); and defendants do not show they will face prejudice in future litigation if the SF-61s are put on the public docket, see Friedman v. Sebelius, 672 F. Supp. 2d 54, 60 (D.D.C. 2009).

arguments against defendants' motion for reconsideration.  <u>See</u> Pls.' Opp'n Defs.' Mot. Recons. [ECF No. 53] ("Opp'n") at 10–13 (arguing the dual employment raises questions of to whom the employees are reporting to and with whom they may be sharing sensitive data); <u>id.</u> at 13–14, 16–17 (arguing that the affiants' identity undercuts the credibility of defendants' evidence).

That brings the Court to factor four.  Defendants argue that the SF-61s implicate serious privacy interests of individuals not party to this litigation because the three affiants have been harassed due to reporting of their DOGE association.  <u>See</u> Sealed Mot. Leave to File Under Seal or Redact Certain Docs. Supp. Defs.' Mot. Recons. [ECF No. 52] ("Mot.") at ¶¶ 4–6, 11.  While the Court by no means disregards the severity of the harassment the affiants face, defendants' argument is self-defeating.  The information the SF-61s reveal that may lead to harassment—the three affiants' identities and their work with DOGE—has already been widely publicized, undercutting the argument for sealing the documents.  <u>See</u> <u>In re L.A. Comms. LLC</u>, 628 F. Supp. 3d 55, 66, 69 (D.D.C. 2022); <u>Zapp v. Zhenli Ye Gon</u>, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). Defendants contend that reporting does not negate the affiants' privacy interests because "[d]efendants have not publicly acknowledged the employment relationships at issue."  Mot. ¶ 10. However, defendants have publicly acknowledged all three affiants' associations with DOGE,[2] have publicly acknowledged Brad Smith's work at HHS, <u>see</u> U.S. Dep't of HHS, HHS Employee Details,  https://directory.psc.gov/hhsdir/eeKey.asp?Key=66006&Format=Table  (last  accessed March 13, 2025) [https://perma.cc/JM7S-VSMT], and have put on the record in another case in this District emails Jordan Wick sent and received from a CFPB email address, <u>see</u> Email from Mark Paoletta to Jafnar Gueve (Feb. 11, 2025), <u>NTEU v. Vought</u>, Civ. A. No. 25-381 (ABJ), ECF No. 56-1 at 6; Email from Jordan Wick to Russell Vought (Feb. 20, 2025), <u>NTEU</u>, ECF No. 66-2

---

[2] <u>See</u> Opp'n at 3–4 (collecting sources).

at 5. Finally, reports and records show the three affiants are not just DOGE employees, but senior DOGE members. See, e.g., supra, n.2; HHS Employee Details, supra. In fact, the Trump Administration has acknowledged that Amy Gleason is the Acting Administrator of USDS. See Citizens for Resp. & Ethics in Wa. v. U.S. Doge Serv., Civ. A. No. 25-511 (CRC), 2025 WL 752367, at *2 (D.D.C. Mar. 10, 2025). "[P]rivacy interest diminishes . . . as an official's rank increases." Wa. Post, Co. v. Special Inspector Gen. for Afg. Reconstruction, Civ. A. No. 18-2622 (ABJ), 2021 WL 4502106, at *13 (D.D.C. Sept. 30, 2021).

In sum, the presumption for public access as to the names of the affiants stands strong. So the Court denies defendants' motion to seal the SF-61s in their entirety and to redact the names of the affiants. However, the same analysis does not apply to the names of the officers who administered the affiants' oaths. Those individuals are in no way tied to the parties' arguments in the pending motions and, to the Court's knowledge, their association (however small) with DOGE members has not been publicized. Likely for this reason, plaintiffs consent to defendants' alternate request for relief: redacting from the SF-61s the names of the officers who administered the affiants' oaths. Opp'n at 2 n.2. So the Court grants that part of defendants' motion.

Accordingly, it is hereby **ORDERED** that [52] defendants' motion to file under seal or redact certain documents is **DENIED IN PART** as to the request to seal the SF-61s in their entirety and the request to redact from the SF-61s the affiants' names, and **GRANTED IN PART** as to the request to redact from the SF-61s the names of the officials who administered the affiants' oaths. It is further **ORDERED** that defendants shall file on the public docket the redacted SF-61s by not later than March 18, 2025.

**SO ORDERED.**

_____
/s/
JOHN D. BATES
United States District Judge

Dated: <u>March 17, 2025</u>