**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al.,<br><br>  Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF LABOR et al.,<br><br>  Defendants. | Case No. 1:25-cv-00339-JDB<br><br>Judge John D. Bates |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION AND RESPONSE TO PLAINTIFFS' MOTION FOR MODIFICATION OF THIS COURT'S DISCOVERY ORDER**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................1

ARGUMENT ........................................................................................................................ 3

    I.     Reconsideration is Warranted ................................................................................. 3

          A.     The End of USDS Details To The Agency Defendants Warrants Relief From Expedited Discovery...........................................................................3

          B.     Plaintiffs' Arbitrary and Capricious And Notice And Comment Claims Do Not Warrant Additional Expedited Discovery..................................................................................................10

          C.     Though Unnecessary to Grant this Motion, the Burdens of Expedited Discovery As Well as Separation-of-Powers Concerns Also Support Reconsideration.......................................................................................11

          D.     The Government Is Entitled To A Presumption of Regularity, And Plaintiffs Have Not Demonstrated That The Government's Proffered Exhibits Are Anything Other Than What They Purport To Be.....................................................................................................................12

    II.    The Court Should Stay the Discovery Order or Extend the Current March 24 Discovery Deadline, To Allow For a Decision on the Reconsideration Motion....13

    III.   Plaintiffs' Motion for Modification Should Be Denied ..........................................14

CONCLUSION………………………………………………………………………………..15

## TABLE OF AUTHORITIES

### Cases

*Alexander v. F.B.I.*,
   186 F.R.D. 71 (D.D.C. 1998) ............................................................................................. 3

*Attkisson v. Holder*,
   113 F. Supp. 3d 156 (D.D.C. 2015) ................................................................................. 10

*Chaplaincy of Full Gospel Churches v. England*,
   454 F.3d 290 (D.C. Cir. 2006) ....................................................................................... 5, 7

*Cheney v. United States District Court for the District of Columbia*,
   542 U.S. 367 (2004) ......................................................................................................... 12

*Clapper v. Amnesty International USA*,
   568 U.S. 398 (2013) ......................................................................................................... 15

*Cobell v. Norton*,
   224 F.R.D. 266 (D.D.C. 2004) ....................................................................................... 3, 11

*Wisc. Gas Co. v. FERC*,
   758 F.2d 669 (D.C. Cir. 1985) ........................................................................................... 6

*Guttenberg v. Emery*,
   26 F. Supp. 3d 88 (D.D.C. 2014) .................................................................................. 4, 10

*Independent Equipment Dealers Association v. EPA*,
   372 F.3d 420 (D.C. Cir. 2004) .......................................................................................... 15

*Pinson v. U.S. Department of Justice*,
   396 F. Supp. 3d 66 (D.D.C. 2019) .................................................................................... 11

### Statutes and Court Rules

*5 U.S.C. § 552a(b)(1) ............................................................................................... 3, 7, 8

Fed. R. Civ. P. 30(b)(6) ..................................................................................................... 11

### Other Authorities

Fed. Prac. & Proc. Civ § 2036 .......................................................................................... 11

## INTRODUCTION

While acknowledging that "[w]hether to grant the motion is a close question," ECF No. 48 (Expedited Discovery Order) at 1, this Court previously granted Plaintiffs' motion for expedited discovery in part, but only for the limited purpose of exploring a specific set of facts related to Plaintiffs' allegations of irreparable harm for their forthcoming motion for a preliminary injunction. Specifically, "[t]hese include the structure of USDS and the scope of its authority," which the Court concluded were "critical to deciding the question of whether" the U.S. DOGE Service (USDS) "is an agency within the meaning of the Economy Act of 1933—and thus whether its employees are permitted by the Privacy Act to view individual information." Expedited Discovery Order at 8.

As explained in Defendants' motion for reconsideration, ECF No. 51-1 (Reconsideration Motion), reconsideration is warranted because USDS employees are no longer being detailed to Defendant Agencies and all individuals performing work implementing the President's Department of Government Efficiency Executive Order are employees of the agencies themselves or detailees from another agency that is indisputably subject to the Economy Act. The declarations accompanying the motion explain, for each Defendant Agency, that the Agency is no longer detailing employees from USDS and that there are no known plans to do so in the future. And although not necessary to establish that reconsideration is warranted, the declarations also explain that the few individuals initially onboarded as detailees from USDS generally were not given access to or did not in fact access sensitive systems. *See infra* p. 6. In short, the considerations previously identified by the Court no longer apply and the Court should grant Defendants' motion for reconsideration.

In response, Plaintiffs purport to identify questions that Defendants' motion for reconsideration supposedly does not answer, but those questions are either fully addressed by the

1

motion, are irrelevant to the discovery this Court authorized, or both. Plaintiffs also raise a flurry of contentions concerning irrelevant personnel matters such as concurrent employment status, chains of command, and related topics, but they have no answer to the basic point that the Privacy Act allows agency employees to access the relevant information and none of the topics they raise are even germane to this case—and in any event, do not entitle Plaintiffs to continue discovery concerning a topic (USDS detailees' authority to access information) that is now no longer at issue.

At the very least, Defendants respectfully request a stay or an extension of the discovery deadlines while this reconsideration motion is considered (if the Court does not grant Defendants' previous broader request in the motion for reconsideration for a stay pending briefing of the preliminary injunction motion) and respectfully request that such an order be issued immediately. Given the impending March 24 discovery deadline, Defendants need clarity regarding their future obligations as soon as possible and respectfully submit that they should not be required to provide the previously ordered discovery until this motion is decided. Such a stay/extension would not harm or prejudice Plaintiffs, even if it would require a brief extension of the current April 1 deadline for their preliminary injunction motion—particularly since any alleged irreparable harm associated with detailees from USDS potentially accessing their data now cannot occur.

Finally, Plaintiffs' motion to modify the discovery to allow for *expanded* discovery is plainly without merit. Plaintiffs' modifications largely concern potential concurrent employment relationships with other agencies and governmental components which, again, is irrelevant to this case and certainly irrelevant to the expedited discovery this Court previously approved.

## ARGUMENT

**I.    Reconsideration is Warranted**

    **A.    The End of USDS Details To The Agency Defendants Warrants Relief From Expedited Discovery**

As explained in Defendants' motion, the fact that USDS is no longer detailing employees to the Agency Defendants is both a "specific demonstration of facts" supporting a protective order, *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998), and a "significant change in . . . facts" supporting reconsideration, *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (citation omitted). That changed circumstance warrants reconsideration of the Court's order granting expedited discovery because all employees implementing the USDS Executive Order's policy initiatives at the Agency Defendants are now incontrovertibly authorized to access the agencies' informational systems as they are employees of those agencies or detailed to the agency from a statutory agency with detail authority under the Economy Act. *See* 5 U.S.C. § 552a(b)(1). The structure of USDS—and in particular, whether it may exercise detailing authority under the Economy Act—is simply no longer relevant, as USDS is not detailing employees to the Agency Defendants. That was what the Court ordered expedited discovery into, and its removal as an issue from the case obviates the stated need for discovery at this juncture of the case.

In opposition, Plaintiffs claim that Defendants have not in fact "cure[d] concerns about improper detailing," Opp. at 5, but none of their arguments have merit.

Initially, Plaintiffs repeatedly misstate or blur the relevant legal standards by suggesting that what matters is whether the expedited discovery they seek remains relevant to some issue in *the case*. ECF No. 53 (Opp.) at 4 (contending that Defendants have not "shown that the approved discovery has no conceivable bearing on the case" (quotation marks omitted)); *see also id.* at 5 (likewise stating that "Defendants have not shown that the approved discovery has no bearing on

3

this case"); *id.* at 9 ("The core contention in this case is that DOGE is not legally authorized to access Defendants' sensitive systems."); *id.* at 14 (contending that "Defendants have submitted no new evidence that would contradict Plaintiffs' arbitrary and capricious or notice and comment claims"). To be clear, Defendants do not think that the discovery Plaintiffs seek is relevant to any issue—let alone necessary to decide any issue in this Administrative Procedure Act case—but that is not the relevant question for purposes of this motion. This Court noted that it was granting expedited discovery solely as it relates to Plaintiffs' forthcoming preliminary injunction motion, and that discovery at this juncture *would not be appropriate* simply for purposes of acquiring information assertedly relevant to the case as a whole. *See* Expedited Discovery Order at 8 ("But unlike in other cases in which the Court has denied motions for expedited discovery, plaintiffs' purpose is to 'reveal information related to the preliminary injunction as opposed to the case as a whole.'" (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014))). And the Court made clear that the information it deemed relevant to that purpose concerned USDS's authority to detail for purposes of the Economy Act as it relates to the Privacy Act's exemption for disclosure to agency employees—and discovery as to that issue is simply no longer needed for purposes of Plaintiffs' forthcoming preliminary injunction motion.

Plaintiffs also broadly contend that "the new facts Defendants have introduced create new factual questions and answer almost none." ECF No. 53 (Opp.) at 3. That is incorrect. Defendants submitted declarations from each of the three agencies stating that the agencies are no longer detailing employees from USDS and that individuals have instead been onboarded as full-fledged employees of the agencies. ECF No. 51-2 (Kryger Decl.) ¶ 6; ECF No. 51-3 (Rice Decl.) ¶¶ 6-8; ECF No. 51-5 (Martinez Decl.) ¶ 4. Each declarant states that they are unaware of any plans to onboard new detailed employees from USDS in the future to work on DOGE projects. Kryger

4

Decl. ¶ 7; Rice Decl. ¶ 11; Martinez Decl. ¶ 6. And as explained further below, each agency declaration explains in detail the limited (if any) access previously acquired by former detailees from USDS.

Plaintiffs fault Defendants for not specifying who any detailees from agencies indisputably subject to the Economy Act are, and what agencies they are employed by. But what matters is that these individuals are not detailed *from* USDS, which was the theory of irreparable harm to which the discovery was purportedly relevant. For example, Plaintiffs fault the Martinez Declaration for only explaining the employment status of one of the six individuals helping to advance the Executive Order's initiatives, but the Martinez Declaration makes clear that the other five individuals were on detail from other federal agencies. Martinez Decl. ¶ 4.[1]

Plaintiffs also fault Defendants for making "no representations about the scope of work performed prior to Defendant Agencies' new employment agreements, and whether any resulting harms have been cured." Opp. at 6. This argument fails on both the law and the facts. As to the law, irreparable harm is a quintessentially forward-looking inquiry. *See, e.g.*, *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (stating that "the injury 'must be both certain and great; it must be actual and not theoretical'" and that "'[t]he injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable

---

[1] Relatedly, Plaintiffs speculate that "[t]he DOGE staff at Defendant Agencies may still be unlawfully detailed from DOGE to a third agency, and then re-detailed to Defendant Agencies." Opp. at 6. Even assuming that such a hypothetical chain from USDS to an indisputably Economy Act component to a third agency would create an Economy Act issue—a question we do not address here—Defendants are not aware of this happening at any of the Defendant Agencies, and such an arrangement would seem to make little operational sense. In any event, this possibility certainly does not warrant going forward with the full discovery the Court previously authorized. At most, if the Court is concerned about this possibility at the time the preliminary injunction is briefed, Defendants could address it further at that time. But we are not aware of it happening and Plaintiffs' bare speculation on this point is not a basis for denying reconsideration.

harm'" (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). For all the reasons spelled out in Defendants' Motion to Dismiss, Plaintiffs cannot advance a Privacy Act claim for damages and, indeed, they have not sought damages in this matter. Alleged past work, now ceased, would be past harm, and not appropriate for a prospective injunction.

On the facts, the argument is simply incorrect. As to the Department of Labor (DOL), the Kryger Declaration explains that, although initial steps were taken to onboard individuals from USDS as detailees, all onboarding activities for those individuals were subsequently suspended, and none were ever granted access to DOL electronic information systems. Kryger Decl. ¶¶ 4-5. As to the Department of Health and Human Services (HHS), one of the two detailees was not given access to any sensitive systems of the agency before being onboarded as an employee and still has not been given such access. Rice Decl. ¶ 9. And while the second "detailee has been granted permission to access certain sensitive systems at CMS, that individual has not actually accessed any of these systems, either while a detailee or since becoming a direct hire of the agency." *Id.* ¶ 10. As to the Consumer Financial Protection Bureau (CFPB), the one individual previously detailed from USDS was given access to certain systems described in the Martinez Declaration but was not given access to either of the CFPB databases on which Plaintiffs appear to base their assertions of standing (i.e., the databases containing consumer complaints and Home Mortgage Disclosure Act data). Martinez Decl. ¶ 5.[2]

---

[2] Plaintiffs cite a news article from more than a month ago, which they characterize as "suggest[ing] that DOGE staff at DOL have been granted permission to install software that would allow them to access DOL systems, including transferring files in and out of systems, remotely." Opp. at 8. The Kryger Declaration makes clear, however, that only limited steps were taken to onboard USDS detailees before that process was suspended and that these individuals were never granted access to DOL electronic information systems. Kryger Decl. ¶¶ 4-5. Plaintiffs' various allegations about what may be happening at other agencies not before the Court are irrelevant.

6

Plaintiffs next criticize Defendants' declarations for not declaring that Defendant Agencies will no longer rely on detailing from USDS, going forward. Opp. at 8. Plaintiffs fault Defendants for not making such an explicit commitment, but they also provide no reason why the agencies would revert back to the challenged use of detailees from USDS. Nor is it relevant for purposes of this motion whether the changed facts would moot this issue in the case overall—an issue we do not address here. Rather, the relevant question for this motion is whether the change in facts eliminates the need for expedited discovery as to irreparable harm. It does. The prospect that someday USDS may again revert to detailing authority is the quintessential "speculative" injury preliminary injunctions cannot address. *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297. In any event, if for whatever reason any Defendant Agency onboards a USDS detailee to work on the so-called DOGE agenda while this case is pending, we will promptly inform the Court. Furthermore, the expedited discovery Plaintiffs have propounded—and now wish to *expand*—is obviously not targeted to determining any *future* plans to detail. This contention is thus irrelevant to whether the discovery authorized before those details were ended should continue to go forward.

Plaintiffs also assert that "it is not even clear that the declarations submitted reliably account for all DOGE employees at Defendant Agencies." Opp. at 9. But Plaintiffs' argument that certain employees listed on HHS's public directory may also have a connection with USDS supports Defendants' contentions here. What the Declaration of Mark Samburg, ECF No. 53-4, establishes is that these individuals are employees of HHS for the purposes of the Privacy Act. Thus, to the extent they have been granted access to any agency informational systems, their access is sanctioned by the Privacy Act. *See* 5 U.S.C. § 552a(b)(1).

Changing tack, Plaintiffs argue that even if there are no longer USDS detailees working at Defendant agencies, Plaintiffs are still entitled to discovery "regarding fundamental questions

7

about whether DOGE may legally access Defendant Agencies' records." Opp. at 9-10. Plaintiffs then provide a laundry list of topics they claim are unanswered, including concurrent employment arrangements with USDS, "the chain of command that DOGE staff employed at Defendant Agencies are subject to," "Questions about whether DOGE staff are actually subordinate to agency officials," as well as whether their employment agreements accurately describe their work. Opp. at 10; *see also id.* at 13 (discovery purportedly needed "to clarify the actual chain of command for DOGE employees concurrently serving at Defendant Agencies, and evaluate whether those arrangements are consistent with the Privacy Act's protections against external disclosure"); *id.* (complaining that "Defendants have not explained the terms of DOGE Employees' concurrent employment across multiple agencies" (emphases omitted)).

Plaintiffs' discussion of these points is lengthy but what is most remarkable about this discussion is what is missing. Plaintiffs do not even attempt to explain how any of these topics are relevant to the legal and factual questions related to irreparable harm as to which this Court authorized expedited discovery. The Privacy Act expressly states that no impermissible "disclosure" occurs when an agency provides access to its records to its employees with a need to know the information. 5 U.S.C. § 552a(b)(1) ("No agency shall disclose any record which is contained in a system of records . . . unless disclosure of the record would be—. . . to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties[.]"). As outlined in Defendants' motion and supporting declarations, all former USDS detailees to the Agency Defendants are now employees of those agencies. Thus, the access is permitted.

The Privacy Act thus simply does not limit access to employees based on terms of employment, chains of command, concurrent employment with other governmental components,

8

responsibilities, or any of the other conditions Plaintiffs now request the Court permit them to delve into. The Act permits agencies to grant access to their records to their employees, and these individuals are employees. Plaintiffs are not entitled to conduct a fishing expedition on these Executive personnel matters based on their own speculation. And more fundamentally, the relevant individuals were unquestionably onboarded as employees of the Defendant Agencies and Plaintiffs cite no caselaw or other authority supporting their apparent premise that courts may look underneath the hood of an individual's agency employment status for purposes of section 552a(b)(1).

Finally on this point, Plaintiffs also devote significant space to setting forth other allegations against USDS that are currently being litigated in other lawsuits, such as allegations concerning the newly appointed Chief Information Officer at SSA, alleged activities at the U.S. African Development Foundation, and certain guidance from the Office of Personnel Management to federal agencies. Opp. at 10-13. But the limited expedited discovery this Court ordered was not a license for Plaintiffs to explore a laundry list of alleged grievances against USDS. It was intended for the limited purpose of exploring "whether individuals not permitted under the Privacy Act to view personal information are viewing or will view that information" at the agencies that are the defendants in this case. ECF No. 43 at 2. Now that the employees in question are unmistakably employees of the Agency Defendants to whom the Privacy Act permits access to agency records, discovery on this issue is no longer warranted.

### B.     Plaintiffs' Arbitrary and Capricious And Notice And Comment Claims Do Not Warrant Additional Expedited Discovery

Plaintiffs also argue that Defendants' onboarding of former detailees as full-fledged employees supposedly does not address their arbitrary and capricious and notice and comment claims. This too is not a persuasive argument against reconsideration.

Initially, Defendants have extensively argued that Plaintiffs' APA claims should be dismissed on numerous grounds because Plaintiffs have not plead a reviewable final agency action, Motion to Dismiss, ECF No. 49 at 21-25, or that they cannot bring this Privacy Act challenge under the APA, *id.* at 25-28. Defendants have also argued that Defendants were not required to engage in notice and comment rulemaking. *Id.* at 33–34. These are all threshold issues appropriately resolved prior to expedited discovery. *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 165 (D.D.C. 2015) (quoting *Guttenberg*, 26 F. Supp. 3d at 99) (stating that "requiring defendants to comply with an order for expedited discovery when the case may later be dismissed for failure to state a claim could 'force[ ] [the defendants] to expend significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action'").

In any event, any allegation of potential future harm assertedly tied to these claims is purely speculative, which cannot support Plaintiffs' anticipated preliminary injunction motion. And it is wholly outside the scope of the very limited expedited discovery this Court ordered which, as previously stated, was closely tied to whether detailed USDS employees were authorized to view the relevant information under the Privacy Act—an issue that is no longer relevant.

### C. Though Unnecessary to Grant this Motion, the Burdens of Expedited Discovery As Well as Separation-of-Powers Concerns Also Support Reconsideration

Given the foregoing discussion, it is unnecessary for the Court to separately address Defendants' contention that reconsideration is warranted in light of the burden of the discovery and separation-of-powers concerns applicable to discovery directed at USDS in particular. Reconsideration of a prior order is fully "within the discretion of the trial court." *Pinson v. U.S. Department of Justice*, 396 F. Supp. 3d 66, 76 (D.D.C. 2019). Reconsideration is appropriate "where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Cobell*, 224 F.R.D. at 272. For reasons previously discussed, that standard is met here, and no further analysis is needed.

In any event, burden and separation-of-powers concerns only strengthen the case for reconsideration. Plaintiffs' protestations to the contrary are unavailing. First, Plaintiffs' response generally ignores the extraordinary circumstances in which discovery was ordered in this case. This is no regular protective order, or regular discovery. It is pre-Rule 26(f) conference discovery while a dispositive motion to dismiss is pending. Thus, Plaintiffs are wrong when they argue that the burden of this expedited discovery is neither "unusual" nor "extraordinary." Opp. at 4.

Second, to the extent Plaintiffs argue Defendants have not provided a sufficient articulation of the burdens of this expedited discovery on the separation of powers, Opp. at 5, this argument misses the mark. The Rule 30(b)(6) deposition of a USDS official, even if limited in time, is burdensome because the witness must be prepared to testify on behalf of USDS, not just his or her personal knowledge. Fed. R. Civ. P. 30(b)(6). This burden is all the more acute when the value of the testimony is minimal, or none at all. *See* Wright & Miller, *Grounds for Protective Orders*, 8A Fed. Prac. & Proc. Civ § 2036 (3d ed.) ("even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it."). Particularly when

11

this is considered in concert with USDS's position within the Executive Office of the President, reporting directly to the White House Chief-of-Staff, *Cheney* dictates care before subjecting such a Presidential advisory component to discovery. *See Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 382 (2004).

### D. The Government Is Entitled To A Presumption of Regularity, And Plaintiffs Have Not Demonstrated That The Government's Proffered Exhibits Are Anything Other Than What They Purport To Be

Finally, we briefly address Plaintiffs' series of allegations under the heading that "[t]he government's representations should not be presumed accurate." Opp. at 16. Plaintiffs' allegations are unwarranted and, in any event, irrelevant to the motion for reconsideration.

With respect to this case, Plaintiffs allege that Defendants previously identified five USDS-detailed "employees at Defendant Agencies in declarations prior to TRO hearings" but, "[s]hortly thereafter, Defendants characterized the number of DOGE employees at the agencies as 'untold.'" Opp. at 16 (quoting ECF No. 45 at 16). But Plaintiffs err because the "untold" language was Defendants' characterization of *Plaintiffs' proposed discovery requests*, which included requests related to "DOGE Employees" besides those detailed to the Defendant agencies in this case. *See, e.g.*, ECF No. 44-2 at 6 (seeking "Copies of any certifications or access agreements signed by DOGE Employees or their supervisors in order to grant them access to Sensitive Systems," not limited to DOGE employees detailed to the Defendant Agencies). Plaintiffs misconstrue Defendants' brief in suggesting that Defendants meant that the number of detailees to Defendant agencies was "untold."

In another example Plaintiffs cite from a different case, *see* Opp. at 17, even on Plaintiffs account the Government corrected a representation it learned was incorrect, which only illustrates the Government's good faith and that mistakes inevitably happen in fast-paced litigation. Plaintiffs also devote significant space to the leadership structure of USDS, which is irrelevant to this case

12

and to the authorized expedited discovery. And Plaintiffs' assertion that "Defendants['] claim that only two DOGE employees work at HHS" "is inconsistent with the agency's own public database of employees," Opp. at 17, is addressed above.

In any event, none of this undermines or calls into question the basic reason reconsideration should be granted in this case—the Defendant Agencies are no longer detailing USDS employees, and the individuals onboarded as full-fledged agency employees are unquestionably authorized to view the relevant information under the Privacy Act. Reconsideration is warranted.

## II. The Court Should Stay the Discovery Order or Extend the Current March 24 Discovery Deadline, To Allow For a Decision on the Reconsideration Motion

In the motion for reconsideration, Defendants requested "that discovery be stayed until the parties have had an opportunity to fully brief both the preliminary injunction motion" as well as briefing on the motion to dismiss (which has since been completed). Reconsideration Motion at 14. Defendants reiterate that request here. But if the Court does not grant that request, Defendants respectfully request that the Court immediately stay the order pending consideration of this reconsideration motion, or at the very least grant a short extension of the current March 24 deadline.

To be clear, Defendants are diligently working to compile the relevant discovery (the original discovery requested, not Plaintiffs' recently expanded requests). But Defendants strongly believe that the end to detailing and additional information they supplied in the declarations accompanying the motion for reconsideration has addressed the central issue on which the Court ordered discovery. Of course, if the Court disagrees, Defendants will be obligated to provide the relevant discovery and will do so; but Defendants respectfully submit that they should not be required to do so (and in particular, should not be required to prepare 30(b)(6) deponents for deposition from each component and defend those depositions) until the Court has an opportunity

to rule on this motion. And at the very least, since Plaintiffs have attempted to expand the scope of discovery with their motion to modify, Defendants should have a court ruling on what the actual scope of discovery is before they have to respond to discovery requests—this is particularly true, again, with respect to depositions, given the time and burden associated with preparing witnesses for 30(b)(6) depositions.

A stay or extension would, under the circumstances, not prejudice Plaintiffs. If the Court subsequently denies reconsideration in whole or in part and concludes that the previously ordered discovery or some subset of it remains necessary to decide Plaintiffs' forthcoming preliminary injunction motion, it could extend the April 1 deadline for that motion for a period of time commensurate with the time it takes to decide this motion—presumably no more than a week or two. That modest delay would result in no meaningful harm to Plaintiffs, particularly since the central irreparable harm theory as to which this Court concluded that discovery was needed— whether USDS employees detailed to the Defendant Agencies were accessing information in violation of the Privacy Act—is no longer relevant to this case.

### III. Plaintiffs' Motion for Modification Should Be Denied

Incredibly, instead of withdrawing or at least narrowing their requests, Plaintiffs have now expanded them. *See* ECF No. 55 (Modification Motion). The previous discovery this Court approved is plainly no longer warranted but, at the very least, this Court should deny Plaintiffs' Modification Motion.

Plaintiffs now seek to delve into employee activities at *other* agencies. *See* ECF No. 55-1 at 5 (directing Defendants to identify, in relation to an interrogatory, "The number of federal agencies that the DOGE Employee is concurrently detailed to or otherwise employed by."); *id.* at 16 (seeking to expand examination topic concerning "policies, procedures, and protocols pertaining to their detailing to and activities at the Agency" to "include[e] those governing

14

concurrent employment by DOGE and other agencies").³ This new discovery should be rejected because, putting aside Plaintiffs' efforts to expand discovery at the eleventh hour, for reasons previously stated, the new discovery is irrelevant to this case. Whether or not employees of Defendant agencies are permitted to view the relevant information under the Privacy Act does not turn on whether they are concurrently employed by other Governmental components. *See supra* pp. 8-9.

In addition, activities at other agencies are outside the scope of this litigation and claims that impermissible disclosure *may* occur between one of the now-Defendant agency employees and their colleagues at another agency or government entity is utter speculation that plainly would not support a preliminary injunction. Indeed, it would not be sufficient even for purposes of the much more modest requirements for establishing *Article III standing*. *See Clapper v. Amnesty International USA*, 568 U.S. 398, 409 (2013)) (noting that "[a]llegations of *possible* future injury are not sufficient" for standing purposes (quotation marks omitted; emphasis and alteration supplied by *Clapper* Court)). The expanded information Plaintiffs seek is also the sort of "workaday" agency dealings which the Administrative Procedure Act did not intend to sweep into the ambit of judicial review. *Independent Equipment Dealers Association v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004).

## CONCLUSION

For all the foregoing reasons, and the reasons set forth in Defendants' motion for reconsideration, the Court should grant Defendants' Motion for Reconsideration and deny Plaintiffs' Motion to Modify Discovery, or, in the alternative, grant an immediate stay of the current

---

³ Other additions are vague and ambiguous. It is not readily clear from Plaintiffs' proposed modifications what, for example, the terms "otherwise deployed" mean in this context.

expedited discovery order (or extension of the current discovery deadline) pending consideration of the reconsideration motion.

Dated: March 18, 2025  Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Andrew M. Bernie*
Andrew M. Bernie
Trial Attorney (D.C. Bar No. 995376)
Benjamin S. Kurland
Trial Attorney (D.C. Bar No. 1617521)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-7203
andrew.m.bernie@usdoj.gov
*Attorneys for Defendant*