UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFL-CIO, *et al.*,

    *Plaintiffs*,

v.

DEPARTMENT OF LABOR, *et al.*,

    *Defendants*.

Case No. 1:25-cv-00339-JDB

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR MODIFICATION OF THIS COURT'S DISCOVERY ORDER**

    Defendants introduced a host of new factual representations in support of their motion for reconsideration of this Court's February 27 discovery order. Among others, they have asserted that, as of last week, U.S. Digital Service ("USDS") employees performing work at the Defendant Agencies are concurrently employed at those agencies or are detailed to them from government components other than USDS. Some of the declarations on which they rely in support of their motion directly contradict other declarations Defendants have also submitted in this case.

    In response, Plaintiffs have requested modest modifications to the original discovery requests that respond directly and remain closely tailored to these new factual assertions: they seek only to (a) expand the scope of their pre-existing discovery requests to clarify that they include DOGE Team members concurrently employed by USDS and the Defendant Agencies in addition to those detailed from USDS to the Defendant Agencies, and (b) seek limited information about the number of agencies at which each DOGE Team member is concurrently

1

employed. Like Plaintiffs' original discovery requests, these modified requests relate directly to showing irreparable harm and probability of success on the merits in support of Plaintiffs' anticipated motion for a preliminary injunction. Defendants' arguments to the contrary misrepresent the law and ignore the harms to Plaintiffs. Because Plaintiffs' requests seek only highly relevant information and impose minimal additional burden on Defendants, this Court should grant Plaintiffs' motion for modest modifications to their discovery requests.

**I.    Defendants' New Factual Assertions Have Not Obviated the Need for Discovery.**

As an initial matter, Defendants' factual assertions do not, as Defendants claim, obviate the need for discovery in this case. In their opposition, Defendants contend that the modified discovery is "irrelevant" because members of the DOGE Team are currently employed at the Defendant Agencies. ECF No. 62 at 18. But as detailed at length in Plaintiffs' opposition to Defendants' motion for reconsideration, ECF No. 53 at 5-16, this argument is a sleight of hand that does not resolve whether DOGE's access to agency records is lawful. In particular, Defendants have not resolved that DOGE's access to particular records is lawful under the Privacy Act. The Privacy Act prohibits the disclosure of records except to officers and employees of the agency "who have a need for the record in the performance of their dues." 5 U.S.C. §552a(b)(1).[1] Employment at an agency is *necessary* but not *sufficient* for an individual to access records held by that agency—an employee must still show a need for each particular record. Here, Defendants have not even attempted to show that any DOGE Team member has need for any record, let alone all the records of the Defendant Agencies. As a result, discovery about DOGE Team members' access to records remains relevant to Plaintiffs' Privacy Act and

---

[1] Section 552a(b) includes other exceptions that neither party has contended apply here.

related APA claims, and the scope of that discovery should be clarified pursuant to Plaintiffs' request.

The limited additional discovery Plaintiffs request is also directly relevant to Plaintiffs' likelihood of success on the merits of its other, non-Privacy Act related, APA claims. Plaintiffs allege that the Defendant Agencies' access policies violate the APA for four reasons: (1) because they violate the Privacy Act; (2) because they violate other laws and regulations, including the Federal Information Security Modernization Act (FISMA) and the Confidential Information Protection and Statistical Efficiency Act (CIPSEA); (3) because they were not adopted pursuant to notice-and-comment rulemaking; and (4) because they were arbitrary and capricious. In addition to bearing on the Plaintiffs' Privacy Act claims as discussed above, the nature and extent of the DOGE teams' concurrent employment is highly relevant to whether the Defendant Agencies' challenged access decisions fell short of the degree of information security protection "commensurate with the risk" of unauthorized access as required by FISMA. *See* 44 U.S.C. § 3554(a)(1)(A).[2] Likewise, it directly illuminates whether, in adopting the access policies at issue, the Defendant Agencies failed to satisfy the APA requirement to consider "important aspects of the problem" they purported to solve. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

II.     **Defendants' New Factual Assertions Merit Additional Targeted Discovery.**

Far from being "outside the scope of this litigation" as Defendants claim, ECF No. 62 at 15, DOGE Team members' concurrent employment at other entities and agencies continues to

---

[2] DOGE staff's concurrent employment relationships are also directly relevant to whether providing them with access to statistical data protected by CIPSEA was consistent with that statute's mandate that protected data "not be disclosed by an agency in identifiable form, for any use other than an exclusively statistical purpose," and "not be used against such individuals or organizations in any agency action." 44 U.S.C. § 3571(2); § 3572(c)(1).

create the risks and harms under the Privacy Act as Plaintiffs have alleged, and modest and targeted discovery is merited to ensure a complete record. By its express terms, the Privacy Act prohibits the unnecessary viewing and sharing of records *within* the government and between government agencies, not just from the government to the public. 5 U.S.C. §552a(b) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency…"). Indeed, a key purpose of the Privacy Act is to prevent aggregation of data from multiple agencies about any single person. *See Doe v. DiGenova*, 779 F.2d 74, 84 (D.C. Cir. 1985) (quoting S. Rep. No. 1183, 93d Cong., 2d Sess. 1 (1974)). The concurrent employment of DOGE Team members at USDS and Defendant Agencies exacerbates, rather than alleviates, Congress's motivating concerns that "every detail of our personal lives can be assembled instantly for use by a single bureaucrat or institution" and that "a bureaucrat in Washington or Chicago or Los Angeles can use his organization's computer facilities to assemble a complete dossier of all known information about an individual." *See* Danielle Keats Citron, A More Perfect Privacy, 104 B.U. L. Rev. 1073, 1078 (2024) (first quoting 120 Cong. Rec. 36,917 (1974) (statement of Sen. Goldwater); and then quoting 120 Cong. Rec. 36,917 (statement of Sen. Percy)).

      Here, Plaintiffs' modest modification to the discovery requests go directly to these concerns. Certain DOGE Team members are apparently concurrently employed, at a minimum, at both USDS and CFPB or HHS, giving them the opportunity to copy and aggregate data across these government entities. Plaintiffs' proposed modifications seek information about the number of additional agencies at which DOGE Team members are simultaneously employed, their access to records at the Defendant Agencies, and the policies regarding their simultaneous employment. In other words, they go directly to the ability of a single government actor or entity

4

to assemble "every detail of our personal lives." Moreover, this harm is not, as Defendants' claim, "speculation" such that it cannot support a preliminary injunction. *See* ECF No. 62 at 15. As explained in greater detail in Plaintiffs' Response to Defendants' Motion to Dismiss, the unlawful disclosure of private information *is* a harm. *See* ECF No. 50 at 7-10; *see also American Federation of Teachers v. Bessent*, No. 25-civ-0430 (D. Md. Feb. 24, 2025), at 14 ("The disclosure to unauthorized government employees suffices" to constitute an injury.).

### III. Plaintiffs Should Be Permitted Discovery About Defendants' Inconsistent Statements.

Finally, Plaintiffs should be permitted to investigate the truthfulness and accuracy of Defendants' representations given the new factual inconsistencies Defendants introduced into the record in support of their Motion for Reconsideration. Take, for example, Defendants' representations about DOGE Team members working at HHS. On February 13, 2025, Defendants submitted a declaration from HHS Principal Deputy Assistant Secretary Garey Rice, who stated that "at least one USDS and one employee from another federal agency have been detailed to HHS." Rice Decl. at ¶ 5, Feb. 13, 2025, ECF No. 31-2. But on March 11, 2025, in support of their Motion for Reconsideration, Defendants submitted a second declaration from Mr. Rice that acknowledged the first declaration was not accurate and stated that he "[had] since learned that another USDS employee was detailed to [CMS] in furtherance of the EO in the same February 2025 time frame." Rice Decl. at ¶ 7, Mar. 11, 2025, ECF No. 51-3. This second declaration made no mention of the second detailee from another, unnamed federal agency. In the second declaration, Mr. Rice also states that there are two USDS employees who are also employees at HHS, ECF No. 51-3 at ¶¶ 7-8, but, at least as of March 13, HHS's internal directory listed five different people publicly associated with DOGE as current employees, *see* Samburg Decl., ECF No. 53-4. And one of the people Defendants have identified as concurrently

employed at HHS and DOGE submitted a declaration in another case that stated she was employed "full time" at USDS without mentioning HHS at all. *See* ECF No. 69. Similar factual inconsistencies plague the record regarding the other Defendant Agencies.[3]

Defendants' argument in support of their motion for reconsideration that their attempts to correct the record show "good faith" misses the point. Their declarants have repeatedly—and admittedly—misrepresented the facts in this matter. Regardless of the reasons for these inaccuracies, Plaintiffs should have the opportunity to test if declarants' most recent statements are truthful, accurate, and fully informed.

## Modification to the Schedule

The Parties have conferred regarding Defendants' request to modify the schedule and agreed that a one week extension would be appropriate. The Parties respectfully request that the Court extend all deadlines related to discovery and the motion for a preliminary injunction by one week.

---

[3] For example, on February 6, 2025, Adam Ramada submitted a declaration stating that he and three other USDS employees had been detailed to the Department of Labor. Ramada Decl. at ¶ 5, Feb. 6, 2025, ECF No. 16-1. On February 13, 2025, Ricky Kryger submitted a declaration stating that "[t]he United States DOGE Service (USDS) employees have been tasked to support DOL's IT modernization efforts under the [DOGE] Executive Order…" and otherwise not mentioning the detailees. Kryger Decl. at ¶ 5, Feb. 11, 2025, ECF No. 31-1. And on March 11, 2025, Ricky Kryger submitted a declaration that, notwithstanding Adam Ramada's sworn statement, Mr. Ramada had in fact never been detailed to the Department of Labor at all. Kryger Dec. at ¶ 5, Mar. 11, 2025, ECF No. 51-2, ¶¶ 4-6. This most recent declaration explains neither how Adam Ramada apparently misunderstood his own employment status, nor why Mr. Kryger did not mention this misunderstanding in his February 13 declaration.

Dated: March 19, 2025                                        Respectfully submitted,

/s/ Aman T. George

Mark B. Samburg (D.C. Bar No. 1018533)
Aman T. George (D.C. Bar No. 1028446)
Rachel F. Homer (D.C. Bar No. 1045077)
Robin F. Thurston (D.C. Bar No. 462679)
Somil B. Trivedi (D.C. Bar No. 1617967)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
rhomer@democracyforward.org
rthurston@democracyforward.org
strivedi@democracyforward.org
sperryman@democracyforward.org

Glenn Schlactus (D.C. Bar No. 475950)
Zoila E. Hinson (D.C. Bar No. 1766625)
Alexa Milton (D.C. Bar No. 155380)
RELMAN COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
gschlactus@relmanlaw.com
zhinson@relmanlaw.com
amilton@relmanlaw.com
*Counsel for Plaintiffs*

Teague P. Paterson (D.C. Bar No. 144528)
Matthew S. Blumin (D.C. Bar No. 1007008)
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO
1625 L Street N.W.
Washington, DC 20036
Telephone: (202) 775-5900
Facsimile: (202) 452-0556
tpaterson@afscme.org
mblumin@afscme.org

*Counsel for American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

Rushab B. Sanghvi (D.C. Bar No. 1012814)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street N.W.
Washington, DC 20001
Telephone: (202) 639-6426
Facsimile: (202) 329-2928
SanghR@afge.org
*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Steven K. Ury* (D.C. Bar 1643947)
SERVICE EMPLOYEES INTERNATIONAL UNION
1800 Massachusetts Avenue, NW,
Legal Department, 6th Floor,
Washington, DC 20036
Telephone: (202) 730-7428
steven.ury@seiu.org
*Counsel for Plaintiff Service Employees International Union*

Matthew Holder**
COMMUNICATION WORKERS OF AMERICA, AFL-CIO
501 Third Street N.W.
Washington, D.C. 20001
Telephone: (202) 215-6788
mholder@cwa-union.org

* Admission pending
** Motion for admission *pro hac vice* forthcoming