# EXHIBIT A



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AFL-CIO, et al.,

       *Plaintiffs*,

       *vs.*

U.S. Department of Labor, et al.

       *Defendants*.

Case No. 1:25-cv-339-JDB

## DECLARATION OF AMAN T. GEORGE

I, Aman T. George, counsel for Plaintiffs in the above-captioned matter declare as follows:

1.      The information set forth in this declaration is based upon my personal knowledge, and to the best of my recollection. The attachments to this declaration are true copies of correspondence exchanged between the parties in this case.

2.      On March 5, Defendants sent a letter to Plaintiffs concerning a change in the employment arrangements of DOGE staff at Defendant Agencies, indicating Defendants' belief that such changes warranted a withdrawal or substantial modification of Plaintiffs' discovery requests in this case. Attachment 1.

3.      During a meet and confer the following day, Defendants indicated that they were still seeking to complete written productions by March 14; however, absent agreement from Plaintiffs that expedited discovery was no longer required as ordered by the Court, Defendants intended to move for a protective order in parallel. On March 11, Defendants moved for reconsideration of this Court's February 27 order granting expedited discovery. ECF No. 51.

4.      After this Court denied Defendants' motion for reconsideration and ordered deadlines in this case pushed back one week, ECF No. 71 at 18, Plaintiffs requested that Defendants complete written discovery by March 21. Attachment 2.

5.      However, Defendants were unable to produce documents responsive to Plaintiffs' requests for production until Tuesday, March 25, and provided Plaintiffs with interrogatory responses and objections to Plaintiffs' requests at the end of the business day on Wednesday, March 26.

6.      On March 27, Plaintiffs identified concerns with Defendants' responses, including Defendants' objections to the definition of DOGE Employee in Plaintiffs' discovery requests, and requested a meet and confer discussion with Defendants on March 27 to resolve these issues. *See* Attachment 3. During that meet and confer discussion, Plaintiffs noted that Defendants' definition of DOGE employee would, for example, exclude members of agency DOGE Teams from the scope of a request about employees "otherwise working for DOGE," and emphasized that the phrasing of Plaintiffs' requests was clearly intended to go beyond only those with formal employment relationships with DOGE.

7.      Defendants responded in writing after this call that they did not consider DOGE Teams to be "working for DOGE," and that they would continue to define "DOGE employee" in terms of formal employment relationships with DOGE. Plaintiffs requested that Defendants at least consent to including within the scope of the term "DOGE employee" any members of DOGE Teams at Defendant Agencies who have been onboarded into the federal government since January 19, 2025. But Defendants declined this request. *See* Attachment 3.

8.      I am over eighteen years old, of sound mind, and submit this declaration of my own account, not subject to any duress, fraud, or undue influence. Pursuant to 28 U.S.C. § 1746,

I declare under penalty of perjury under the laws of the United States that the foregoing

declaration is true and correct to the best of my knowledge, information, and belief.

Executed in Washington, D.C. on March 28, 2025

*/s/ Aman T. George*
Aman T. George

# EX. A – ATTACHMENT 1



**U.S. Department of Justice**

Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 1100 L Street., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20005 |

Michael J. Gerardi                                     Tel: (202) 616-0680
Senior Trial Counsel                                 Fax: (202) 616-8460
                                                                Michael.J.Gerardi@usdoj.gov

**March 5, 2025**

<u>Via Electronic Mail</u>

Aman George
Senior Counsel
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
ageorge@democracyforward.org

Re:  *ALF-CIO et al. v. Dept of Labor et al.*, No. 25-cv-339 (D.D.C.)

Dear Counsel:

This letter is in response to your recently submitted discovery requests, dated February 28, 2025. Those requests came pursuant to the Court's order granting in part Plaintiffs' Motion for Expedited Discovery, and include two interrogatories, seven requests for production, and four depositions. As detailed below, USDS is no longer detailing employees to the Agency Defendants. These changed factual circumstances have obviated the need for your submitted discovery requests. We therefore request that you withdraw—or at a minimum, significantly modify—the pending discovery requests. In anticipation of potential motion practice on this issue, we are requesting a conversation with you about the issues raised in this letter at your earliest convenience.

Your request for expedited discovery was primarily intended to clarify whether and to what extent the Agency Defendants maintain policies on providing access to agency informational systems to United States DOGE Service ("USDS") employees detailed to the Agency Defendants. In its order denying your renewed motion for a temporary restraining order, the Court's analysis focused on the ability of USDS to detail its employees to other parts of the federal government. ECF No. 34, at 5–8. As the Court put it, "[i]f plaintiffs are right" on the issue of USDS's detail authority "a USDS employee's access to 'records' at these agencies violates the Privacy Act no matter the data protections in place." *Id.* at 5. Accordingly, in its subsequent order granting your discovery motion, it adopted your argument that "the facts that bear on irreparable injury remain opaque" and "include the structure of USDS and the scope of its authority, which the Court has said are not only unclear on the current record, but also

critical to deciding the question of whether USDS is an agency within the meaning of the Economy Act of 1933—and thus whether its employees are permitted by the Privacy Act to view individual information." *See* Order Re. Expedited Discovery ("Discovery Order"), ECF No. 48 at 8.

The overarching salience of the detail issue informed the scope of discovery the Court authorized. The Court explained that the scope of the requested discovery was appropriate because, "if USDS employees are not permitted by the Privacy Act to view these systems, plaintiffs argue they are injured." *Id.* at 10. For example, "the interrogatories to USDS focus on facts relevant to irreparable harm: the structure, chain of command, and sharing policies of USDS go to the question of whether USDS is an agency permitted to detail employees to the three agency defendants." *Id.* at 10-11. Likewise, the Court held the document requests "are relevant to the scope of USDS employees' assignments, their relationship to the defendant agencies at which they're working, and USDS's authority to detail them." *Id.* at 11.

We are now in a position to inform you that USDS is no longer detailing employees to the Agency Defendants.[1] All employees working to implement the President's DOGE Executive Order are now employees of the agencies at which they work, or detailees from agencies that indisputably fall within the definition of "agency" under the Economy Act. Although some individuals are employees of both USDS and another agency, no employee's relationship with one of the agency Defendants is based solely on a detail to that agency from USDS. We are prepared to produce to you, no later than Friday, March 7, documents that will confirm the existence of these employment arrangements.

Accordingly, the legal question of whether USDS is an "agency" for Economy Act purposes is no longer relevant to the question of whether prospective relief should issue in this case in the form of a preliminary injunction, and the discovery requested in your motion is no longer necessary. The inquiries the Court authorized into USDS's structure, which the Court explained were appropriate to determine USDS's authority to detail employees to other agencies, are no longer relevant because USDS is not exercising that authority with respect to the Agency Defendants. Even assuming, for purposes of argument, that USDS did not have this authority when it previously detailed individuals to the agencies, that issue is not relevant to a motion to seek prospective relief respecting those individuals. On this basis, we request that Plaintiffs withdraw, or amend, their pending discovery requests.

---

[1] Defendants understand that there are USDS employees retained by USDS prior to January 20, 2025, currently working on legacy projects at several agencies, including at least one Agency Defendant. This includes several "legacy" employees detailed from USDS to the Agency Defendant. These employees are responsible for projects unrelated to the President's DOGE Agenda. As their responsibilities are in no way related to the activities that are the subject of the current litigation, they are irrelevant to the current discovery requests.

We are raising this issue now—well before the applicable deadlines to serving our discovery responses and objections noted in your requests—to allow for a good-faith conferral and, if necessary, adequate time to seek necessary and appropriate relief from the Court.  Please let us know when you are available to discuss the issues raised in this letter at your earliest convenience.


Sincerely,

 /s/Michael J. Gerardi_____
Michael J. Gerardi
Senior Trial Counsel

# EX. A – ATTACHMENT 2



Aman George <ageorge@democracyforward.org>

---

# AFL-CIO v. DOL, 25-cv-339 - Deposition scheduling

**Aman George** <ageorge@democracyforward.org>                    Wed, Mar 19, 2025 at 4:16 PM
To: "Humphreys, Bradley (CIV)" <Bradley.Humphreys@usdoj.gov>
Cc: "Gerardi, Michael J. (CIV)" <Michael.J.Gerardi@usdoj.gov>, "Kurland, Benjamin S (CIV)" <Ben.Kurland@usdoj.gov>,
Mark Samburg <msamburg@democracyforward.org>, Robin Thurston <rthurston@democracyforward.org>, Zoila Hinson
<zhinson@relmanlaw.com>, Glenn Schlactus <gschlactus@relmanlaw.com>, Alexa Milton <amilton@relmanlaw.com>,
"Bernie, Andrew (CIV)" <Andrew.Bernie@usdoj.gov>

Brad,

Following up on the court's order this afternoon, we wanted to touch base about the schedule for completing discovery.
Our expectation would be that the parties can complete discovery on the same schedule that had been previously
contemplated, but shifted back seven days in accordance with the order. That would look like the following:

- Defendants produce all answers to written discovery by Friday, March 21
- DOL Deposition: March 28 at 9am
- HHS Deposition: March 28 at 1pm
- DOGE Deposition: March 31 at 9am
- CFPB Deposition: March 31 at 1pm

We are available to discuss further as needed,

Best,

Aman

[Quoted text hidden]
--



**Aman George**
Senior Counsel
Democracy Forward
he/him/his

(202) 701-1783

ageorge@democracyforward.org

democracyforward.org

[Quoted text hidden]

# EX. A – ATTACHMENT 3



Aman George <ageorge@democracyforward.org>

---

## this afternoon's call

**Bernie, Andrew (CIV)** <Andrew.Bernie@usdoj.gov>                    Fri, Mar 28, 2025 at 3:23 PM
To: Aman George <ageorge@democracyforward.org>, "Bernie, Andrew (ENRD)" <Andrew.M.Bernie@usdoj.gov>
Cc: "ZHinson@relmanlaw.com" <ZHinson@relmanlaw.com>, "msamburg@democracyforward.org"
<msamburg@democracyforward.org>, "gschlactus@relmanlaw.com" <gschlactus@relmanlaw.com>,
"amilton@relmanlaw.com" <amilton@relmanlaw.com>, "Kurland, Benjamin S (CIV)" <Ben.Kurland@usdoj.gov>, "Berman,
Marcia (CIV)" <Marcia.Berman@usdoj.gov>, "Humphreys, Bradley (CIV)" <Bradley.Humphreys@usdoj.gov>

Aman,


Thanks for your email, but we can't agree to expand the discovery responses and deposition topics to include "DOGE
Team members at Defendant Agencies who have been onboarded into federal government since January 19, 2025"
as part of the "DOGE Employees" definition. As noted previously, we feel strongly that the definition Plaintiffs
drafted does not encompass individuals working on Agency DOGE Teams who are not employed by, do not work for,
and are not volunteers for, either the United States DOGE Service or the United States DOGE Service Temporary
Organization. And as a legal matter, we think this new definition is divorced from any plausible Economy Act
issues.


Putting this aside, and as noted in my prior email, the timing considerations here simply make this proposal
impractical. The term DOGE Employee and its scope is a central feature of the discovery Plaintiffs served and has
guided how our clients have collected documents, answered interrogatories, and selected and prepared 30(b)(6)
deponents for their depositions. We couldn't feasibly make this change while remaining even close to the scheduled
discovery deadline.


Best,

Andrew


**Andrew M. Bernie**

Civil Division

Federal Programs Branch

202-353-7203

andrew.bernie@usdoj.gov

---

**From:** Aman George <ageorge@democracyforward.org>
**Sent:** Friday, March 28, 2025 11:01 AM
**To:** Bernie, Andrew (ENRD) <Andrew.M.Bernie@usdoj.gov>
**Cc:** ZHinson@relmanlaw.com; msamburg@democracyforward.org; gschlactus@relmanlaw.com;
amilton@relmanlaw.com; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Berman, Marcia (CIV)
<Marcia.Berman@usdoj.gov>; Humphreys, Bradley (CIV) <Bradley.Humphreys@usdoj.gov>; Bernie, Andrew

(CIV) <Andrew.Bernie@usdoj.gov>

**Subject:** [EXTERNAL] Re: this afternoon's call

Andrew,

Thank you for your note. Plaintiffs continue to disagree that the definition of a DOGE Employee in our discovery requests does not include individuals working on DOGE Teams at Defendant agencies. However, in the interests of compromise, we are willing to narrow the definition of DOGE Employees in our discovery requests and 30(b)(6) notices to include (a) individuals who have a formal employment relationship with DOGE and (b) DOGE Team members at Defendant Agencies who have been onboarded into federal government since January 19, 2025.

Please let us know today if Defendants will modify their discovery responses and document productions and prepare their 30(b)(6) witnesses accordingly.

Best,

Aman

On Thu, Mar 27, 2025 at 7:01 PM Bernie, Andrew (ENRD) <Andrew.M.Bernie@usdoj.gov> wrote:

> Zoila,
>
> Thank you for your email. We will have answers to your second and third items as soon as possible. But we wanted to address the first as quickly as practicable. Just to make sure we are on the same page, section 3(c) of Executive Order 14,158 provides that Agency heads are required to "establish *within their respective Agencies* a DOGE Team of at least four employees, which may include Special Government Employees" (emphasis added). Agency DOGE Teams are thus employees of the agency at which they work, and report to agency leadership. As we understand your email, you suggest that members of agency DOGE Teams categorically fall within the definition of "DOGE Employee" set forth in the discovery requests.
>
> Respectfully, this contention simply cannot be reconciled with the requests Plaintiffs drafted. Plaintiffs defined a "DOGE Employee" as "any individual who is employed by DOGE or otherwise works for DOGE (including volunteers, if any), including any individual employed by DOGE but detailed to one or more federal agencies." "DOGE" in turn is defined as "refer[ring] collectively to the U.S. DOGE Service and U.S. DOGE Service Temporary Organization."
>
> You say that these definitions "clearly extend[] beyond individuals with a formal employment relationship to DOGE/USDS." The definition encompasses anyone who works for or volunteers for DOGE—i.e. for the U.S. DOGE Service or U.S. DOGE Service Temporary Organization. But it plainly does not encompass members of Agency DOGE Teams (unless a *particular member* of an Agency's DOGE Team *also* works for USDS or the USDS Temporary Organization). Indeed, your discovery requests specifically distinguish between DOGE Employees and Agency DOGE Teams; the 30(b)(6) Notice indicates an intention to probe "the supervision of DOGE Employees and other members of DOGE Teams."

Although the language of the discovery requests is clear on its face, we also cannot understand how discovery into Agency DOGE Teams would even be relevant in this context. These individuals are agency employees who are not employed by and do not work for USDS, either as employees, detailees, or otherwise.

Putting aside these points, we would also note that we compiled responsive documents, answered interrogatories, and are preparing our deponents based on the specific definition of DOGE Employee you provided (in the specific context where you indicated an intent to inquire into DOGE Teams—"supervision of...other members of DOGE Teams"—we have made reasonable efforts to prepare our 30(b)(6) witnesses).

For these reasons, we would strongly oppose any attempt to expand the discovery to encompass Agency DOGE Teams. If such a motion were filed, we reserve the right to argue that discovery is not warranted at all given the D.C. Circuit's recent decision staying discovery against USDS in an analogous context (where a motion to dismiss was pending but not yet decided). But at the very least, we would highlight for the Court that discovery could not be completed next week if Plaintiffs were to attempt to expand the discovery to include such individuals.

Thanks,

Andrew

---

**From:** Zoila Hinson <ZHinson@relmanlaw.com>
**Sent:** Thursday, March 27, 2025 3:05 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Bernie, Andrew (CIV) <Andrew.Bernie@usdoj.gov>
**Cc:** Aman George <ageorge@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Glenn Schlactus <gschlactus@relmanlaw.com>; Alexa Milton <amilton@relmanlaw.com>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Subject:** [EXTERNAL] this afternoon's call

Andrew and Ben,

Thanks for the call this afternoon. To recap, we raised three issues related to your discovery responses. First, your discovery responses redefined "DOGE Employee" in our RFPs, interrogatories, and 30(b)(6) notices to refer only to individuals with a formal employment relationship to DOGE/USDS. As we noted on the call, we think the definition in the discovery requests, which includes anyone who is "employed by DOGE or otherwise works for DOGE (including volunteers, if any)" clearly extends beyond individuals with a formal employment relationship to DOGE/USDS and includes, at minimum, individuals who are members of the Defendant Agencies' DOGE Teams. You disagreed, but said you would touch base with team members and get back to us.

Second, we asked you to produce the documents in the format described in our requests for production, including metadata. You said you weren't sure what your office typically did, but would circle back to us.

Third, we noted you had redacted information from the documents that could contain substantive information, including names and domain names. You asked for specific pages and pieces of information that we think should be unredacted, and I've included a list below. Given the fast pace of discovery in this case and the depositions scheduled for next wee, we ask that you send us your responses as soon as possible, but by no later than tomorrow.

Finally, we discussed deposition scheduling. As we discussed, we'd prefer to do Department of Labor and CFPB on Monday, with no preference as to the order; USDS on Tuesday morning; and HHS Tuesday afternoon. Please let us

know as soon as your able to confirm these dates will work – among other things, we'll need to reschedule the court reporter.

Best,

Zoila

| Production Page Number | Relevant redacted information |
| --- | --- |
| HHS00002 | Email domain, Manager's Name |
| HHS00030 | USDS POC Name, Email Domain |
| HHS00034 | USDS POC Name, Email Domain |
| HHS00046 | Email domain |
| CFPB00009 | Email domain |
| CFPB00011 | Email domain |
| CFPB00013 | Email domain |
| CFPB00015 | Email domain |
| CFPB00018 | Email domain |
| CFPB00023 | Email domain |
| CFPB00044 | Names (if separable from email addresses) & Email domains |
| CFPB00167 | Email domain |
| CFPB00176 | Email domain |
| CFPB00182 | Email domain |
| CFPB00191-195 | Names (if separable from email addresses) & Email domains |
| CFPB00196 | Email domain |

| CFPB00205-207 | Names (if separable from email addresses) & Email domains |
| CFPB00209 | Email domain |
| CFPB00218-220 | Names (if separable from email addresses) & Email domains |
| CFPB00222 | Names (if separable from email addresses) & Email domains |
| CFPB00242-249 | Names (if separable from email addresses) & Email domains |
| DOL00028 | Email domain |
| DOL00029 | Email domain |
| DOL00040 | Email domains |

--



**Aman George**
(hear my name)
**Senior Counsel**
**Democracy Forward**
*he/him* (why I share my pronouns)

**Cell:** (202) 701-1783
**Email:** ageorge@democracyforward.org
**Website:** democracyforward.org

**When we fight, democracy wins.**

Democracy Forward's team works across multiple time zones so my working hours may not be the same as yours. Please feel free to read, act on, and respond to my messages at a time that works for you.

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

