# EXHIBIT 15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFL-CIO, et al.,<br><br>        *Plaintiffs*,<br><br>        vs.<br><br>U.S. Department of Labor, et al.,<br><br>        *Defendants*. | Case No. 1:25-cv-339-JDB |

I, Michele Evermore, declare as follows:

1. The information set forth in this declaration is based upon my personal knowledge, and to the best of my recollection.

2. I currently work in the private sector and focus on innovation and improvements to the nation's unemployment insurance systems.

3. From February 2021 to September 2021, I served as a Senior Advisor in the U.S. Department of Labor's Employment and Training Administration. In that role, my responsibilities included being involved in policy decision-making and engaging in meetings between the Employment and Training Administration and the Office of Inspector General. From September 2021 to October 2022, I served as the Deputy Director for Policy in the Office of Unemployment Insurance Modernization, which was responsible for managing programs administered through the American Rescue Plan Act, including grants that stipulated that states receiving grants through this funding provide claims data to the Office of Inspector General.

4. On August 7, 2020, the Office of Inspector General issued an audit encouraging ETA to advise state workforce agencies to "provide OIG with recurring access to state workforce agency data." On August 11, 2021, the Department of Labor issued UIPL 22-21, which required

1

recipients of American Rescue Plan Act grants to "disclose confidential UC information related to the CARES Act, as amended, to the DOL-OIG for the purpose of UC fraud investigations and audits for the entire pandemic relief period."[1] Future Unemployment Insurance Program Letters expending ARPA funds carried language requiring states to provide confidential UC data to the DOL's Inspector General.

5. A database was created to help states facilitate identification of potentially fraudulent claims for unemployment benefits, by using DOL's Office of Inspector General as a centralized clearinghouse to review and cross-reference unemployment claims data across all participating states to identify unemployment claims made by individuals using the same Social Security Number to file claims across multiple states or claims made by individuals whose SSNs are flagged as potentially fraudulent.

6. The database contains a great deal of sensitive information about the individuals whose data are captured in the system, including their names, social security numbers, birth dates, claims records, and potentially other personally identifying data.

7. To the best of my knowledge, this data set, as it exists today, would include the records described in the previous paragraph for every single individual who received unemployment benefits between March 2020 and the end of this year, from every state (and the District of Columbia).

8. I am over eighteen years old, of sound mind, and submit this declaration of my own account, not subject to any duress, fraud, or undue influence. Pursuant to 28 U.S.C. § 1746,

---

[1] Advisory Letter from Suzan G. Levine, Acting Assistant Secretary of Labor to State Workforce Agencies re: Grant Opportunity to Support States with Fraud Detection and Prevention, Including Identity Verification and Overpayment Recovery Activities, in All Unemployment Compensation (UC) Programs, Unemployment Ins. Program Ltr. No. 22-21 1, 2 (Aug. 11, 2021), https://perma.cc/G4BK-N4L2.

I declare under penalty of perjury under the laws of the United States that the foregoing declaration is true and correct to the best of my knowledge, information, and belief.

Executed in Wethersfield, Connecticut on April 18, 2025

/s/ Michele Evermore

Michele Evermore