# EXHIBIT 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFL-CIO, *et al.*,

Plaintiffs,

v.

DEPARTMENT OF LABOR, *et al.*,

Defendants.

Case No.1:25-cv-00339

---

### DECLARATION OF ELENA MEDINA NEUMAN, SEIU

I, Elena Medina Neuman, declare as follows:

1.  I am an Associate General Counsel of the Service Employees International Union ("SEIU"). I submit this declaration in support of Plaintiffs' motion for a preliminary injunction in this matter. The statements made in this declaration are based on my personal knowledge, materials I have reviewed, and information made available to me pursuant to my duties at SEIU.

2.  SEIU represents approximately two million members in healthcare, the public sector, and property services. SEIU has over 150 affiliates across the United States, Puerto Rico, and Canada. SEIU members include physicians, technicians, long-term care workers, janitors, security officers, airport workers, librarians, child care workers, educators, fast food workers, city, county, state, and federal employees, and many more. SEIU is headquartered in Washington, D.C.

1

3.  SEIU's work is guided by our vision for a just society where all workers are valued and all people respected—no matter where we are from or the color of our skin, where all families and communities can thrive, and where we leave a better and more equitable world for generations to come. To achieve this vision, SEIU strives to ensure that every worker has a living wage, benefits to support themselves and/or their family and to retire in dignity, and safe, equitable workplaces where all workers meaningfully participate in the decisions affecting their employment.

4.  Ensuring that our members have robust data privacy and security protections—as both workers and consumers—is critical to achieving our vision for a just society. As workers, automated technologies, camera systems, and geotracking raise risks of surveillance, faulty and potentially discriminatory algorithms, legal violations, wage theft, and work intensification in workplaces. As consumers, data privacy and security laws and regulations are necessary to protect our members' personally identifiable information—including name, address, phone number, date of birth, and social security number—from unauthorized disclosure, misuse, and/or theft. As a result, SEIU advocates for data privacy, security, and surveillance protections at the bargaining table, through rulemaking, and in state and federal legislation.

5.  By way of example, one local union affiliate negotiated provisions that govern how unionized cleaning companies utilize phone apps with geolocation and geotracking features. On the one hand, phone apps can offer ease and efficiency. However, in the absence of enforceable guardrails in collective bargaining agreements, these apps threaten to erode workers' autonomy and their right to privacy.

2

6. SEIU has also engaged in policy and rulemaking advocacy. For instance, in 2022, SEIU submitted a comment in response to the Federal Trade Commission's advance notice of proposed rulemaking requesting public comment on the prevalence of commercial surveillance and data security practices that harm consumers (Docket ID FTC-2022-0053). In 2023, SEIU submitted a comment to the White House Office of Science and Technology Policy in response to the Office's request for information on automated worker surveillance and management (Docket ID OSTP-TECH-2023-0004).

7. SEIU also advocates for stronger data privacy, security, surveillance laws. At the federal level, for example, SEIU endorsed the Stop Spying Bosses Act, a bill that would have protected workers from the use of exploitative surveillance technologies by employers. At the state level, SEIU California endorsed the California Consumer Privacy Protection Act, which gives consumers more control over their personal information.

8. I am aware of and have identified SEIU members who have filed for unemployment insurance ("UI") benefits within the past three years. Filing for UI benefits requires that members provide sensitive personally identifiable information, including name, date of birth, phone number, email address, physical address, social security number, and recent work records.

9. My understanding is that the Office of Inspector General oversees the Unemployment Insurance Program, and has conducted audit and investigative work in connection with pandemic-related UI programs, which were funded by federal programs.

10. Upon information and belief, due to a Department of Labor ("DOL") audit of UI claims, personally identifiable information of these and other SEIU members is likely contained

in DOL record systems.

11. Upon information and belief, the Department of Government Efficiency ("DOGE") has accessed a system of records that contains UI records for all individuals who have applied for UI since March 2020.

12. Upon information and belief, DOGE is employing artificial intelligence systems, which raise significant privacy and cybersecurity risks.

13. DOGE's access to DOL record systems and the possible employment of artificial intelligence systems increases the risk of access by third parties, doxxing, identity theft, invasion of personal privacy, and financial crimes against SEIU members.

14. The threat to SEIU members whose personally identifiable information is contained in DOL systems is significant and will persist until DOGE personnel are prohibited from accessing DOL record systems without proper training, safety measures, and oversight.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18th, 2025 in Los Angeles, California.

Elena Medina Neuman