# EXHIBIT 41

| | |
|---|---|
| **From:** | Humphreys, Bradley (CIV) |
| **To:** | Aman George; Bernie, Andrew (ENRD) |
| **Cc:** | Zoila Hinson; msamburg@democracyforward.org; Glenn Schlactus; Alexa Milton; Kurland, Benjamin S (CIV); Berman, Marcia (CIV); Bernie, Andrew (CIV) |
| **Subject:** | RE: [EXTERNAL] Re: this afternoon"s call |
| **Date:** | Friday, March 28, 2025 11:19:29 AM |

Aman, Zoila, and all,

Ping-ponging on responses a little here. I'm following up here on the format of the production point, deposition scheduling, and redactions. We'll get back to you on your latest email separately.

On the format of discovery, we think the way the documents were produced was appropriate. We're in expedited discovery, and there has been no 26(f) conference, as there would be in post-Rule 12 motion discovery, at which point the parties would typically be required to address things like metadata, format of production, and proportionality. The productions here also just aren't that voluminous, and the time it would have taken to make this productions through load-ready files for a document review platform would have slowed things down substantially on our end.

On deposition scheduling, Aman and I spoke this morning, and our wires must have crossed when we spoke on Wednesday. I have in my notes that the ask was to push the depositions to Tuesday/Wednesday, but it sounds like there was a misunderstanding or miscommunication. We're checking to see if we can get either DOL or CFPB to go on Monday, but everyone has shifted things around at this point. If we need to go Wednesday for those two, will that work for plaintiffs? USDS and HHS are set to go on Tuesday, in that order.

Also, we're working on reproducing the pages Zoila flagged in her email to address your redaction concerns. We'll get those out to you today.

Thanks,
Brad

**From:** Aman George <ageorge@democracyforward.org>
**Sent:** Friday, March 28, 2025 11:01 AM
**To:** Bernie, Andrew (ENRD) <Andrew.M.Bernie@usdoj.gov>
**Cc:** ZHinson@relmanlaw.com; msamburg@democracyforward.org; gschlactus@relmanlaw.com; amilton@relmanlaw.com; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Berman, Marcia (CIV) <Marcia.Berman@usdoj.gov>; Humphreys, Bradley (CIV) <Bradley.Humphreys@usdoj.gov>; Bernie, Andrew (CIV) <Andrew.Bernie@usdoj.gov>
**Subject:** [EXTERNAL] Re: this afternoon's call

Andrew,

Thank you for your note. Plaintiffs continue to disagree that the definition of a DOGE Employee in our discovery requests does not include individuals working on DOGE Teams at Defendant agencies. However, in the interests of compromise, we are willing to narrow the definition of DOGE Employees in our discovery requests and 30(b)(6) notices to include (a) individuals who have a formal employment relationship with DOGE and (b) DOGE Team members at Defendant Agencies who have been onboarded into federal government since January 19, 2025.

Please let us know today if Defendants will modify their discovery responses and document productions and prepare their 30(b)(6) witnesses accordingly.

Best,

Aman

On Thu, Mar 27, 2025 at 7:01 PM Bernie, Andrew (ENRD) <Andrew.M.Bernie@usdoj.gov> wrote:

> Zoila,
>
> Thank you for your email. We will have answers to your second and third items as soon as possible. But we wanted to address the first as quickly as practicable. Just to make sure we are on the same page, section 3(c) of Executive Order 14,158 provides that Agency heads are required to "establish *within their respective Agencies* a DOGE Team of at least four employees, which may include Special Government Employees" (emphasis added). Agency DOGE Teams are thus employees of the agency at which they work, and report to agency leadership. As we understand your email, you suggest that members of agency DOGE Teams categorically fall within the definition of "DOGE Employee" set forth in the discovery requests.
>
> Respectfully, this contention simply cannot be reconciled with the requests Plaintiffs drafted. Plaintiffs defined a "DOGE Employee" as "any individual who is employed by DOGE or otherwise works for DOGE (including volunteers, if any), including any individual employed by DOGE but detailed to one or more federal agencies." "DOGE" in turn is defined as "refer[ring] collectively to the U.S. DOGE Service and U.S. DOGE Service Temporary Organization."
>
> You say that these definitions "clearly extend[] beyond individuals with a formal employment relationship to DOGE/USDS." The definition encompasses anyone who works for or volunteers for DOGE—i.e. for the U.S. DOGE Service or U.S. DOGE Service Temporary Organization. But it plainly does not

encompass members of Agency DOGE Teams (unless a *particular member* of an Agency's DOGE Team *also* works for USDS or the USDS Temporary Organization). Indeed, your discovery requests specifically distinguish between DOGE Employees and Agency DOGE Teams; the 30(b)(6) Notice indicates an intention to probe "the supervision of DOGE Employees and other members of DOGE Teams."

Although the language of the discovery requests is clear on its face, we also cannot understand how discovery into Agency DOGE Teams would even be relevant in this context. These individuals are agency employees who are not employed by and do not work for USDS, either as employees, detailees, or otherwise.

Putting aside these points, we would also note that we compiled responsive documents, answered interrogatories, and are preparing our deponents based on the specific definition of DOGE Employee you provided (in the specific context where you indicated an intent to inquire into DOGE Teams —"supervision of…other members of DOGE Teams"—we have made reasonable efforts to prepare our 30(b)(6) witnesses).

For these reasons, we would strongly oppose any attempt to expand the discovery to encompass Agency DOGE Teams. If such a motion were filed, we reserve the right to argue that discovery is not warranted at all given the D.C. Circuit's recent decision staying discovery against USDS in an analogous context (where a motion to dismiss was pending but not yet decided). But at the very least, we would highlight for the Court that discovery could not be completed next week if Plaintiffs were to attempt to expand the discovery to include such individuals.

Thanks,
Andrew

---

**From:** Zoila Hinson <ZHinson@relmanlaw.com>
**Sent:** Thursday, March 27, 2025 3:05 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Bernie, Andrew (CIV) <Andrew.Bernie@usdoj.gov>
**Cc:** Aman George <ageorge@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Glenn Schlactus <gschlactus@relmanlaw.com>; Alexa Milton <amilton@relmanlaw.com>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Subject:** [EXTERNAL] this afternoon's call

Andrew and Ben,

Thanks for the call this afternoon. To recap, we raised three issues related to your discovery

responses. First, your discovery responses redefined "DOGE Employee" in our RFPs, interrogatories, and 30(b)(6) notices to refer only to individuals with a formal employment relationship to DOGE/USDS. As we noted on the call, we think the definition in the discovery requests, which includes anyone who is "employed by DOGE or otherwise works for DOGE (including volunteers, if any)" clearly extends beyond individuals with a formal employment relationship to DOGE/USDS and includes, at minimum, individuals who are members of the Defendant Agencies' DOGE Teams. You disagreed, but said you would touch base with team members and get back to us.

Second, we asked you to produce the documents in the format described in our requests for production, including metadata. You said you weren't sure what your office typically did, but would circle back to us.

Third, we noted you had redacted information from the documents that could contain substantive information, including names and domain names. You asked for specific pages and pieces of information that we think should be unredacted, and I've included a list below. Given the fast pace of discovery in this case and the depositions scheduled for next wee, we ask that you send us your responses as soon as possible, but by no later than tomorrow.

Finally, we discussed deposition scheduling. As we discussed, we'd prefer to do Department of Labor and CFPB on Monday, with no preference as to the order; USDS on Tuesday morning; and HHS Tuesday afternoon. Please let us know as soon as your able to confirm these dates will work – among other things, we'll need to reschedule the court reporter.

Best,
Zoila

| Production Page Number | Relevant redacted information |
| --- | --- |
| HHS00002 | Email domain, Manager's Name |
| HHS00030 | USDS POC Name, Email Domain |
| HHS00034 | USDS POC Name, Email Domain |
| HHS00046 | Email domain |
| CFPB00009 | Email domain |
| CFPB00011 | Email domain |
| CFPB00013 | Email domain |
| CFPB00015 | Email domain |
| CFPB00018 | Email domain |
| CFPB00023 | Email domain |

| | |
|---|---|
| CFPB00044 | Names (if separable from email addresses) & Email domains |
| CFPB00167 | Email domain |
| CFPB00176 | Email domain |
| CFPB00182 | Email domain |
| CFPB00191-195 | Names (if separable from email addresses) & Email domains |
| CFPB00196 | Email domain |
| CFPB00205-207 | Names (if separable from email addresses) & Email domains |
| CFPB00209 | Email domain |
| CFPB00218-220 | Names (if separable from email addresses) & Email domains |
| CFPB00222 | Names (if separable from email addresses) & Email domains |
| CFPB00242-249 | Names (if separable from email addresses) & Email domains |
| DOL00028 | Email domain |
| DOL00029 | Email domain |
| DOL00040 | Email domains |

--

**Aman George**
([hear my name](#))
**Senior Counsel**
**Democracy Forward**
*he/him* ([why I share my pronouns](#))

**Cell:** (202) 701-1783
**Email:** ageorge@democracyforward.org
**Website:** democracyforward.org

**When we fight, democracy wins**.

Democracy Forward's team works across multiple time zones so my working hours may not be the same as yours. Please feel free to read, act on, and respond to my messages at a time that works for you.

NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above.  If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.