# EXHIBIT 45

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *AFL-CIO, et al.*, | |
| *Plaintiffs*, | |
| vs. | Case No. 1:25-cv-00339-JDB |
| *Department of Labor, et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's February 28, 2025 Order (Dkt. No. 48), Plaintiffs American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO"), American Federation of Government Employees ("AFGE"), American Federation of State, County & Municipal Employees, AFL-CIO ("AFSCME"), Service Employees International Union, AFL-CIO ("SEIU"), Communication Workers of America, AFL-CIO ("CWA"), Economic Policy Institute ("EPI"), Virginia Poverty Law Center ("VPLC"), Economic Action Maryland Fund ("EAMF"), and American Federation of Teachers ("AFT"), through their undersigned attorneys, request that Defendants the Department of Labor ("DOL"), the Department of Health and Human Services ("HHS"), the Consumer Financial Protection Bureau ("CFPB"), the U.S. DOGE Service ("USDS"), and the U.S. DOGE Service Temporary Organization (together with USDS, "DOGE") each respond to the following Requests for Production of Documents ("Requests") by producing and making available the following documents no later March 14, 2025, electronically or to the offices of Relman Colfax PLLC, 1225 19th St. NW #600, Washington D.C., and in accordance with the procedures and definitions specified in Rule 34 of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

As used in these Requests for Production, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure:

1. The use of the singular form of any word includes the plural and vice versa.

2. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

3. The use of a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns.

4. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive.

5. "Each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any."

6. "Including" means "including, but not limited to."

7. "Person" refers to any natural person, alive or deceased, or any legal entity, including, without limitation, any business; corporation; firm; partnership; joint venture; joint stock company; incorporated or unincorporated association or society; state, local, or federal government, or any of its agencies or political subdivisions; court; non-profit, or governmental entity or association; or any other form of legal entity.

8. "Access" means the ability to directly review records in an agency system;

9. "Defendant Agencies" means the Department of Labor ("DOL"), Department of Health and Human Services ("HHS"), and Consumer Financial Protection Bureau ("CFPB");

10. "DOGE" refers collectively to the U.S. DOGE Service and U.S. DOGE Service Temporary Organization;

11. "DOGE Employee" refers to any individual who is employed by DOGE or otherwise works for DOGE (including volunteers, if any), including any individual employed by DOGE but detailed to one or more federal agencies;

12. "Identify" when used in connection with the term "individual" or "individuals" means to state the person's name, title, and employing agency.

13. "Sensitive Systems" refers to any system of records that contains Personally Identifiable Information (PII) or Personal Health Information (PHI).

14. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

## INSTRUCTIONS

1. *Manner of Responding.* Defendants' written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

2. *Manner of Producing.*

    a. A legible copy of each document requested is to be produced. Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any

      addition or omission, shall constitute a separate document and must be produced. Plaintiffs reserve the right to inspect the original of any document produced upon reasonable request.

b. In producing the documents, all documents that are physically attached to each other shall be considered one document and left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they are maintained in the file where they are found.

c. All electronically stored information ("ESI"), i.e., any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. Please produce as specified below:

    i. Paper and electronic documents shall be produced in Tagged Image File Format (TIFF or TIF) files. Each image should have a unique file name, which is the Bates number of the page. TIFF files shall be produced in single-page Group IV format, with a minimum resolution of 300 dpi (except that any native file that is in the form of a TIFF image need not be scanned or re-processed simply to achieve such minimum resolution when produced). When scanning paper documents, distinct documents should

        not be merged into a single record, and single documents should not be split into multiple records.

ii. Each page of a produced ESI document will contain a legible Bates number that: (1) is unique across the document production; (2) has a constant length (0-padded) across the production; and (3) is sequential within a given document.

iii. If a Bates number or set of Bates numbers is skipped in a production, Defendants will notify Plaintiffs in a cover letter to the production that the production contains skipped Bates numbers. The Bates number shall be placed on the page image in a manner that does not conceal or interfere with any information contained on the page. No other stamp or information will be placed on a document other than a Bates number and any redactions.

iv. After initial production in TIFF format, Plaintiffs reserve the right to request in writing that Defendants produce specific documents in their native format.

v. Any MS-Excel spreadsheets and media files shall be produced in native format with a placeholder TIFF file. The Bates number requirements specified above shall not apply to Excel spreadsheets or other files produced in native electronic format. Any file produced in its native format is to be named with its corresponding Bates number and extension. The load file (discussed further below) shall contain a link to any native file(s) produced.

5

vi. For any data saved in a proprietary or non-standard electronic format, the producing party must also identify and/or provide the computer program necessary to read and access such information.

vii. Each production shall consist of two load files: an image load file and a metadata load file.

1. The image load file shall provide image and document break information for the TIFF files produced that correspond to the beginning Bates numbers contained in the metadata load file. Every TIFF file in each production must be referenced in the corresponding image load file. The total number of TIFF files referenced in the image load file should match the number of TIFF files in the production. The formatting requirements for the load files are contained in Appendix A.

2. Metadata should be extracted and produced as a metadata load file during the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF format. To the extent they are available in collected data, the metadata values that are to be extracted and produced in the metadata load files are provided in Appendix B. In addition to any metadata collected and produced, the metadata load file for each production shall provide the Bates numbers and the Bates number attachment range for email or other documents containing attachments.

      viii.    Data that is not collected from an individual's hard drive or network share and is not reasonably identifiable as to its source will be designated as "company documents" in a coding field, as they cannot be related to an individual custodian or source. Metadata may be withheld for redacted documents only in situations where the metadata could reveal the text that was redacted.

      ix.    All searchable text including extracted text and Optical Character Recognition ("OCR") is to be provided as multi-page searchable text (.TXT) files. Searchable text may exclude redacted material.

      x.    For documents that do not contain redactions, produce an extracted text file for each electronic document and an OCR text file for each imaged paper document. For documents that contain redactions, provide an OCR text file made from the redacted images.

      xi.    To the extent Defendants redact any document, such redaction shall be clearly marked on the TIFF image of the document.

2. *Scope of the Requests.* Unless otherwise-specified, the time period for documents sought is January 20, 2025 until March 24, 2025. Responsive documents and electronically stored information applicable to that time period shall be produced.

3. *Possession, Custody, Control.* Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or

protected— attorneys of such individuals, agencies, offices, firms, corporations, or partnerships.

4. *In Case of Ambiguity.* If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. *Objections.* If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, or as otherwise agreed upon by the parties, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (e.g., letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the documents; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. *Segregable Portions of Privileged Documents.* Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

7. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

8. *Lost or Destroyed Documents.* If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

## **REQUESTS FOR PRODUCTION**

1. Copies of any nondisclosure agreements signed by DOGE Employees detailed to Defendant Agencies, including but not limited to the nondisclosure agreements referenced in the Declaration of Adam Martinez, ECF No. 31-3 ¶ 6 and any similar agreements that may exist at other Defendant Agencies;

2. Copies of any written agreements or certifications governing or describing the detail of DOGE Employees to Defendant Agencies, including but not limited to the detail agreements referenced in the Declaration of Garey Rice, ECF No. 31-2 ¶ 7, the Martinez Decl., ECF No. 31-3 ¶ 8, the memorandum of understanding that is in place between HHS and another federal agency, which is referenced in the Rice Decl., ECF No. 31-2 ¶ 8, task orders describing DOGE's responsibilities in the Declaration of Ricky J. Kryger, Dkt. 31-1 ¶ 5, detail agreements effectuating the DOGE detail described in the Declaration of Adam Ramada, ECF No. 16-1 ¶ 6, and any other similar agreements setting forth or describing the terms of DOGE's work at Defendant Agencies;

3. Copies of any written guidelines for DOGE Employees' access to Sensitive Systems, including but not limited to the guidelines referred to in the Declaration of Kryger Decl., ECF No. 31-1 ¶ 8 and any other similar guidelines that may exist at Defendant Agencies;

4. Copies of any certifications or access agreements signed by DOGE Employees or their supervisors in order to grant them access to Sensitive Systems, including but not limited to the access agreements and Request to Access forms referenced to in the Kryger Decl., ECF No. 31-1 ¶ 8, any written authorization referenced to in the Martinez Decl., ECF No. 31-3 ¶ 9, and any other similar authorizations that may exist at Defendant Agencies.

5. Copies of any privacy and/or cyber security training materials or documents provided to DOGE Employees on detail to Defendant Agencies, as referenced in in the Martinez Decl., ECF No. 31-3 ¶ 6;

6. Copies of any "confidentiality protocols" established to govern the access of DOGE Employees, as referenced in the Kryger Decl.,ECF No. 31-1 ¶ 9, and any other similar authorizations that exist at Defendant Agencies; and

7. Copies of any documents or records in which the DOL Office of the Chief Information Officer ("OCIO") granted "specific approval" for users of "the data, information, or documents from DOL information systems . . . to share this data, information, or documents outside of DOL information systems," as referenced in the Kryger Decl., ECF No. 31-1 ¶ 11, and any similar approvals granted at other Defendant Agencies. This request is limited to approvals for the sharing of data, information, or records by or to a DOGE Employee.

Dated: February 28, 2025

Respectfully submitted,

*/s/ Aman T. George*
Mark B. Samburg (D.C. Bar No. 1018533)
Aman T. George (D.C. Bar No. 1028446)
Rachel F. Homer (D.C. Bar No. 1045077)
Robin F. Thurston (D.C. Bar No. 462679)
Somil B. Trivedi (D.C. Bar No. 1617967)
Skye L. Perryman (D.C. Bar No. 984573)

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
rhomer@democracyforward.org
rthurston@democracyforward.org
strivedi@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February 2025, the foregoing Plaintiffs' First Set of Requests for Production of Documents was served on counsel for all parties through e-mail.

/s/ Aman George
Aman George
*Attorney for Plaintiffs*