## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, *et al.*, <br><br> Plaintiffs, <br> v. <br> DEPARTMENT OF LABOR, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00339-JDB <br><br> Judge John D. Bates |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants[1] the Department of Labor ("DOL"); Secretary Lori Chavez-DeRemer; Department of Health & Human Services ("HHS"); Secretary Robert F. Kennedy Jr.; Consumer Financial Protection Bureau ("CFPB"); Acting Director Russell Vought; U.S. DOGE Service; and U.S. DOGE Temporary Organization[2] hereby answer the First Amended Complaint for Declaratory and Injunctive Relief filed by Plaintiffs American Federation of Labor and Congress of Industrial Organizations; American Federation of Government Employees, AFL-CIO; American Federation of State, County and Municipal Employees, AFL-CIO; Service Employees International Union, AFL-CIO; Communications Workers of America, AFL-CIO; Economic Policy Institute; Virginia Poverty

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Chavez-DeRemer is substituted for former Acting Secretary Vince Micone; Secretary Kennedy is substituted for former Acting Secretary Dorothy A. Fink; and Acting Director Vought is substituted for former Acting Director Scott Bessent.

[2] Collectively, all defendants are referred to as "Defendants." DOL, HHS, and CFPB are collectively referred to as "Agency Defendants." U.S. DOGE Service; and U.S. DOGE Temporary Organization are together referred to as "USDS."

Law Center; Economic Action Maryland Fund; and American Federation of Teachers, ECF No. 21.

1.      Admitted that President Trump was inaugurated on January 20, 2025. Defendants deny the remaining allegations in this paragraph.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Defendants deny the allegations in the first clause of this paragraph. This paragraph otherwise characterizes Plaintiffs' amended complaint, to which no response is required.

6.      Admitted that employees of USDS who are or were also employed at an Agency Defendants have or had been granted access to some information systems pursuant to their employment at that agency. Otherwise denied.

7.      Denied.

8.      Denied.

9.      The first sentence is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the information in the second sentence.

10.     Denied.

11.     Denied.

12.     This paragraph characterizes Plaintiffs' amended complaint, to which no response is required

13.     This paragraph states legal conclusions, to which no response is required.

14.     Admitted that the Agency Defendants and USDS are headquartered in the District of Columbia. This paragraph otherwise states legal conclusions, to which no response is required.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.     Admitted

25.     Denied. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Chavez-DeRemer is substituted for former Acting Secretary Vince Micone.

26.     Admitted.

27.     Admitted.

28.    Admitted.

29.    Denied. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Kennedy is substituted for former Acting Secretary Dorothy A. Fink.

30.    Admitted as to the first sentence. As to the second sentence, admitted that Mr. Musk is a special government employee within the Executive Office of the President but otherwise denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of the paragraph.

31.    Admitted that U.S. DOGE Service Temporary Organization is a federal temporary organization situated within the Executive Office of the President in Washington, D.C.

32.    Defendants admit that the Privacy Act was passed in 1974. This paragraph otherwise states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

33.    This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

34.    This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph

35.    This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

36.    This paragraph and the accompanying footnote states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph and footnote.

37.    This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

38.     This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

39.     This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

40.     This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

41.     Admitted.

42.     Admitted.

43.     Admitted. Defendants respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents.

44.     Admitted. Defendants respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents.

45.     Admitted. Defendants respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents.

46.     Denied that the data-access directive is not subject to applicable law. The Executive Order expressly states that "This order shall be implemented consistent with applicable law." USDS EO § 5(b). Denied that the Executive Order merely "nominally" directs USDS to adhere to "rigorous data protection standards." This requirement is explicit in the Executive Order. *See* USDS EO §4(b). Defendants otherwise respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents.

47.     Admitted.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the statements quoted in this paragraph. Defendants admit that USDS

is governed by the Presidential Records Act. The remaining allegations consist of legal conclusions, to which no response is required.

49.     Defendants deny that USDS is attempting to gain access to sensitive records. Admitted that employees of USDS who are also employed or detailed to other agencies have been granted access to some information systems pursuant to their employment at that agency. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit. Otherwise denied.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit. Otherwise denied.

51.     Denied.

52.     Admitted that some USDS employees are employed by, or detailed to, other agencies. Defendants deny the remaining allegations in this paragraph.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit. Otherwise denied.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit. Otherwise denied.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit.

58.     Defendants admit that the Southern District of New York issued a Temporary Restraining Order on February 8, 2025 and that the quoted language appears in the order. This paragraph otherwise states legal conclusions, to which no response is required.

59.     This paragraph contains allegations regarding an individual not a party to this suit, nor employed by one of the Agency Defendants or USDS. As such, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60.     This paragraph contains allegations regarding an individual not a party to this suit, nor employed by one of the Agency Defendants or USDS. As such, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at an agency and an individual not party to this suit.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at an agency not party to this suit.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at an agency not party to this suit. Defendants admit that the quoted language in this paragraph appears in the cited X post.

67.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at an agency, and actions by an individual, not party to this suit.

68.    Defendants admit that the quoted language appears in the cited article.

69.    This paragraph refers to the subjective beliefs of a DOL employee, which Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding that belief.

70.    This paragraph characterizes Plaintiffs' initial complaint, ECF No. 1; Plaintiffs' first Motion for a TRO, ECF No. 2; and the Court's Order Setting Hearing, ECF No. 5. Defendants respectfully refer the Court to those filings for a complete and accurate statement of their contents. Defendants admit the dates on which each document was filed. Defendants admit that on February 5, 2025, counsel for Plaintiffs and counsel for Defendants jointly called Chambers. Defendants admit that, during that call, counsel for Defendants represented that DOL staff agreed to stop onboarding three individuals associated with USDS as detailees to DOL during the pendency of Plaintiffs' first TRO motion. Otherwise denied.

71.    Defendants admit that on February 6, 2025, Defendants filed the Declaration of Adam Ramada, ECF No. 16-1, in support of Defendants' Opposition to Plaintiffs' Motion for a TRO, ECF No. 16. The remainder of the paragraph characterizes the Declaration. Defendants respectfully refer the Court to that Declaration for a complete and accurate statement of its contents.

72.    Admitted that the Court issued an order denying Plaintiffs' Motion for a TRO on February 7, 2025.

73. Admitted that, after the Court's February 7 Order, staff at DOL working to effectuate the President's DOGE Agenda have not been subject to injunctive relief issued by this Court. Otherwise denied.

74. Admitted that several companies owned, operated, or controlled by Mr. Musk have been subject to investigation and/or fines by components of DOL.

75. Admitted that the Occupational Safety and Health Administration ("OSHA") enforces or has approved the enforcement by states (State Plan) pursuant to 29 U.S.C. § 667 of workplace safety standards on behalf of the United States and is within the DOL. Defendants admit OSHA or a State Plan has investigated SpaceX. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

76. Defendants admit that OSHA or a State Plan has investigated Tesla.

77. Defendants admit that Nevada, which has a State Plan, has investigated the Boring Company under an OSHA approved workplace safety and health program.

78. Defendants can neither admit nor deny this allegation. DOL policy prevents the Department from commenting on ongoing investigation.

79. This paragraph states a legal conclusion, to which no response is required.

80. Denied.

81. Defendants admit that DOL and its components contain many informational systems, including some with sensitive or classified information. This paragraph contains argument and legal conclusions, including that "Unlawful changes to these systems . . . could have substantial negative effects[,]" to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in this paragraph.

82.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

83.    This paragraph does not contain factual allegations. As such, no response is necessary.

84.    Admitted.

85.    Admitted that DOL administers workers compensation claims through the Office of Workers' Compensation Programs (OWCP). Admitted that FECA is a systems of record administered by OWCP, which contains personal identifiable information. To the extent this paragraph characterizes 20 C.F.R. 10.10 or DOL's Systems of Record Notifications for DOL /GOVT-1, Defendants respectfully refer the Court to those regulations for a complete and accurate statement of their contents.

86.    This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

87.    Admitted that there were approximately 86,000 new FECA cases in FY 2024. This paragraph otherwise states legal conclusions, to which no response is required.

88.    Admitted.

89.    Admitted.

90.    As to the first sentence, admitted that complaints submitted to the Wage and Hour Division, including the name of the complainant and the nature of the complaint, are generally kept confidential to the greatest extent allowed by law. Admitted as to the remainder of the paragraph.

91.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

92.    Admitted.

93.    Admitted.

94.    Admitted.

95.    Admitted as to the first sentence of this paragraph. The second sentence of this paragraph consists of legal conclusions to which no response is required. The remainder of this paragraph consists of allegations about future, hypothetical events, to which no response is required. To the extent a response is deemed required, Defendants otherwise deny the allegations in this paragraph.

96.    Admitted that the Integrated Management Information Systems is a system of records managed by OSHA and that certain information within the database is public. Admitted that the Integrated Management Information Systems contains a number of complaints regarding Tesla. The remainder of this paragraph consists of allegations about future, hypothetical events, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

97.    Admitted.

98.    Admitted.

99.    Admitted to the extent that the cited Privacy Impact Assessment characterizes the handling of PII in the EMS system. Note that non-exempt data from EMS is released in response to FOIA requests.

100.    Admitted.

101.    Admitted.

102.    Admitted that confidentiality may be important to investigations and that the quoted language appears in the cited regulation, although it applies to a person on whose behalf a third-party complaint is made, not "any person filing a complaint with OFCCP."

103.    Admitted.

104.    Admitted.

105.    Admitted that investigation files may contain sensitive information collected for law enforcement purposes, and that disclosure is controlled by DOL regulations.

106.    Admitted that financial investigations may, involve detailed review of unions' expenditures and bank accounts. Admitted that election investigations may involve review of union election materials such as eligibility lists, ballots, notices, and tally sheets, and that eligibility lists and other union records obtained in election investigations may, but do not necessarily, involve sensitive information.

107.    Admitted.

108.    Admitted.

109.    Admitted.

110.    This paragraph consists of legal conclusions to which no response is required. This paragraph also quotes from an article, to which no response is required; Defendants respectfully refer the Court to that article for a full and complete statement of its contents.

111.    This paragraph consists of legal conclusions, to which no response is required.

112.    This paragraph consists of legal conclusions, to which no response is required.

113.    The allegations in this paragraph do not state a claim for relief or aver facts in support of a claim for relief.

114.    The allegations in this paragraph do not state a claim for relief or aver facts in support of a claim for relief.

115.    The allegations in this paragraph do not state a claim for relief or aver facts in support of a claim for relief.

116.    The allegations in this paragraph do not state a claim for relief or aver facts in support of a claim for relief.

117.    Denied.

118.    This paragraph characterizes a news article. Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents. Admitted that representatives of HHS's DOGE Team sought access to certain agency systems of information.

119.    Admitted.

120.    Defendants admit that the quoted language in this paragraph appears in the cited X post.

121.    Defendants admit that the quoted language in this paragraph appears in the cited X post.

122.    Admitted.

123.    Admitted.

124.    Admitted that members of HHS's DOGE Team have requested, and been granted, access to HIGLAS.

125.    Admitted.

126.    Denied.

127.    Admitted.

128.    Defendants admit that the quoted language in this paragraph appears in the cited X post.

129.    Denied.

130.    Defendants respectfully refer the Court to the cited Privacy Impact Assessments for a complete and accurate statement of their contents. The remainder of the paragraph contains legal conclusions, to which no response is required.

131.    This paragraph states legal conclusions, to which no response is required.

132.    HHS has thirteen operative divisions. *See supra* at ¶ 28. The remainder of this paragraph is admitted. Defendants respectfully refer the Court to the cited SORN for a complete and accurate statement of its contents.

133.    Admitted.

134.    Admitted. Defendants respectfully refer the Court to the cited SORN for a complete and accurate statement of its contents.

135.    Admitted. Defendants respectfully refer the Court to the cited SORN for a complete and accurate statement of its contents.

136.    Denied that USDS has been granted access to HHS systems of record. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

137.    Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

138.    Admitted that HHS maintains information about HHS employees. Defendants respectfully refer the Court to the cited SORN for a complete and accurate statement of its contents.

139.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

140.    Denied that USDS has been granted access to HHS systems of record. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

141.    The allegations in this paragraph do not state a claim for relief or aver facts in support of a claim for relief.

142.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

143.    Admitted.

144.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

145.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. Defendants respectfully refer the Court to 12 USC 5481(15) for a complete and accurate statement of its contents.

146.    Admitted that representatives of CFPB met with employees of USDS on February 7, 2025. Otherwise denied.

147.    Admitted that six individuals representative of the CFPB DOGE Team were a part of the February 7 meeting at the CFPB. Admitted that members of CFPB's DOGE Team have requested, and had and have been granted, access to some agency informational systems.

148.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

149.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about events at agencies not party to this suit. Otherwise admitted.

150.    Admitted.

151.    Admit that on February 8, Acting Director Vought emailed agency staff instructing them not to take certain actions unless expressly approved by the Acting Director or required by law.

152.    Admitted that Acting Director Vought announced on his social media account that he had notified the Federal Reserve that CFPB would not be taking its next draw of funding because it was not reasonably necessary to carry out the CFPB's duties given the CFPB's current balance.

153.    Admitted that on February 7, CFPB ceased operating an official account on X.

154.    Admitted that on February 9, CFPB employees were informed in an all-hands email that the agency's DC Headquarters Building would be closed for the week from February 10 to February 14 and that employees and contractors were to work remotely unless instructed otherwise by the Acting Director or his designee.

155.    Admitted that the CFPB lists 43 different Privacy Impact Assessments, each of which provides an analysis of how personally identifiable information is handled at the CFPB. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph.

156.    Admitted that the CFPB has received more than 500 complaints about Tesla. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

157.    There are no factual assertions in this paragraph requiring a response.

158.    Admitted.

159.    Admitted that consumers submitting complaints may include certain information considered PII and personally identifiable financial information.

160.    Admitted that CFPB received roughly 12 million complaints, which are stored in the Consumer Response System.

161.    Admitted that CFPB's statutory responsibilities include supervising covered persons for compliance with Federal consumer financial law, and taking appropriate enforcement action to address violations of Federal consumer financial law.

162.    Admitted that, to carry out its supervisory and enforcement functions, CFPB collects certain sensitive information from regulated entities, such as those described in this paragraph. The remainder of this paragraph states legal conclusions, to which no response is required.

163.    Admitted.

164.    This paragraph consists of legal conclusions, to which no response is required.

165.    Admitted. Defendants respectfully refer the Court to that cited news release for a complete and accurate statement of its contents.

166.    Admitted that the information sought in the market monitoring orders described above included information on product monetization and data harvesting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of this paragraph.

167.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

168.    Admitted that the CFPB (on behalf of the HMDA agencies and the Federal Financial Institutions Examination Council) makes this data available to the public, subject to certain modifications to particular data to protect applicant and borrower privacy. Admit the second sentence.

169.    Admitted.

170.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

171.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

172.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

173.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

174.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of this paragraph. Admitted as to the remainder of the paragraph.

175.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

176.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

177.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

178.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

179.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

180.    Admitted that DOL and HHS store employee PII on various agency informational systems. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

181.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

182.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

183.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

184.    Defendants deny the allegations in the first sentence of this paragraph. The second sentence consists of conclusions of law, to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph.

185.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

186.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

187.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

188.    Admitted that HHS receives certain information from healthcare professionals and patients, which may constitute PII. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence.

189.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

190.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

191.    Admitted.

192.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

193.    Denied.

194.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

195.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

196.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

197.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

198.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

199.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph. Defendants deny the allegations in the third sentence.

200.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

201.    Denied.

202.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

203.    Admitted that CWA has filed complaints with the Department of Labor. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

204.    Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in the first, second, third, fifth, and sixth sentences of this paragraph. Defendants deny the allegations in the fourth sentence.

205.    Admitted that CWA has submitted confidential information to OLMS. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph.

206.    Admit that CWA members, like others, may submit complaints to OFCCP under the laws they enforce. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

207.    Admitted that OFCCP collects information as part of its investigations and builds investigation files. The remainder of this paragraph consists of legal conclusions to which no response is required.

208.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

209.    Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

210.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

211.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

212.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

213.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

214.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

215.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

216.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

217.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

218.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

219.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence.

220.    Denied.

221.    Admitted as to the allegations in the first and second sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of this paragraph.

222.    Admitted that filing a complaint with CFPB can be completed quickly without costs. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

223.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

224.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

225.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

226.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

227.    This paragraph states a legal conclusion, to which no response is required.

228.    This paragraph states a legal conclusion, to which no response is required.

229.    This paragraph states legal conclusions, to which no response is required.

230.    Admitted that members of DOL's DOGE Team have requested, and been granted, access to some agency informational systems, as provided in Defendants' interrogatory responses. Defendants deny the remaining allegations in this paragraph.

231.    Denied.

232.    Members of HHS's DOGE Team have requested, and been granted, access to some agency informational systems. Defendants deny the remaining allegations in this paragraph.

233.    This paragraph states a legal conclusion to which no response is required.

234.    This paragraph states a legal conclusion to which no response is required.

235.    This paragraph states a legal conclusion to which no response is required.

236.    Denied.

237.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

238.    Denied.

239.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

240.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

241.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

242.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. See ECF No. 79. Thus, no response is required.

243.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. See ECF No. 79. Thus, no response is required.

244.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. See ECF No. 79. Thus, no response is required.

245.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

246.    Denied that there is a DOL DOGE Access Rule. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

247.    The allegations in the first sentence are denied. Admitted that 20 OSHA conducted 20 inspections of companies with the name "Tesla" in them in 2024. Six of these investigations are labeled as "Complaints." The remainder of this paragraph consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in this paragraph.

248.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

249.    Denied that there is a DOL DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph and deny that Plaintiffs are entitled to the relief requested in this paragraph.

250.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

251.    The first sentence of this paragraph is denied. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

252.    Denied that there is a CFPB DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

253.    Denied that there is a CFPB DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

254.    Denied that there is a CFPB DOGE Access Policy. This paragraph consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

255.    Denied that there is a CFPB DOGE Access Policy. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

256.    Denied that there is a CFPB DOGE Access Policy.  This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

257.    Denied that there is a CFPB DOGE Access Policy. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph. Plaintiffs are not entitled to the relief requested in this paragraph.

258.    Denied that HHS adopted the HHS DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

259.    Denied that there is an HHS DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

260.    Denied that there is an HHS DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

261.    Denied that there is an HHS DOGE Access Policy. This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

262.    Denied that there is an HHS DOGE Access Policy This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

263.    Denied that there is an HHS DOGE Access Policy. This paragraph otherwise consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

264.    Denied that there is an HHS DOGE Access Policy. This paragraph otherwise consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph. Plaintiffs are not entitled to the relief requested in this paragraph.

265.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

266.    This paragraph consists of legal conclusions to which no response is required.

267.    This paragraph consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

268.    This paragraph consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

269.    This paragraph consists of allegations relating to the claims dismissed by the Court. *See* ECF No. 79. Thus, no response is required.

The remainder of the Amended Complaint constitutes Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to any relief.

Anything not specifically admitted in the foregoing is otherwise denied.

**AFFIRMATIVE DEFENSES**

1.    Plaintiffs lack standing to bring their claims.

2.    Plaintiffs fail to state a claim under the Administrative Procedure Act.

3.      Plaintiffs fail to state a claim for violations of 20 C.F.R. § 10.10, 45 C.F.R. § 5b.9(a),

or 12 C.F.R. § 1070.59

Dated: May 30, 2025

Respectfully submitted,
YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ Andrew M. Bernie
BRADLEY P. HUMPHREYS
Senior Trial Counsel
BENJAMIN S. KURLAND
ANDREW M. BERNIE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

*Counsel for Defendants*