### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AFL-CIO et al., | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-339-JDB |
| U.S. DEPARTMENT OF LABOR et al., | |
| *Defendants*. | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The stay issued by the Supreme Court in *Social Security Administration v. AFSCME*, No. 24A1063, 2025 WL 1602349, 605 U.S. ___ (June 6, 2025), is immaterial to adjudication of Plaintiffs' pending motion for a preliminary injunction (Dkt. No. 80). The Court's order did not contain any reasoning applicable to other cases, apart from reciting the general legal standard for a motion to stay. Defendants' contention that *SSA* "involves essentially identical claims to those asserted by Plaintiffs in this case" is wrong. Dkt. No. 85 at 1. Both cases involve similar legal issues, but the factual records are almost entirely distinct and the cases involve distinct legal theories, different federal agencies, different agency policies, and different systems of record. Importantly, no court to consider the *SSA* case has evaluated whether disclosures to DOGE constitute intra-agency disclosures for the purposes of the Privacy Act. *AFSCME v. SSA*, ___ F. Supp. 3d ___, 2025 WL 1206246, at *58 (D. Md. Apr. 17, 2025) ("I shall assume that the DOGE Team members have 'intra agency' status at SSA.").

Further, the "needs" for access discussed by the district court in the *SSA* case—and potentially relied upon by the Supreme Court in its decision—were far more detailed and

susceptible to particularized review by the agency than what the Defendants in this case have claimed. For example, in *SSA*, DOGE proposed to "test to mark 100 [Social Security] number holders as deceased" to seek to improve accuracy of death records, a specific proposal that was then approved by SSA leadership. *See id.* at *62 (cleaned up). In another example, DOGE requested access to "some schemas that are necessary to determine if a beneficiary is alive or not," and explained "[t]hese schemas provide insight on when users log into MySSA, Call the 1-800 Number, Call the Field office, and have an appointment in the field offices," and this request for access was approved by SSA leadership. *Id.* at *63 (cleaned up). The record in this case does not contain evidence of any system-by-system access decisions by Defendant agencies based on articulated needs to accomplish particular projects. Indeed, the record in this case demonstrates precisely the opposite. *See* Dkt. No. 80-1 at 42–43 (DOL and HHS did not engage in any particularized analysis of need before granting DOGE system access, treating presidential directives as self-executing instead).

Plaintiffs and Defendants have previously, accurately, described this case and the *SSA* case as merely "similar." *See* Dkt. No. 80-1 at 45; Dkt. No. 82 at 19 n.11. But they are not "essentially identical," and the Supreme Court's sparse order in the *SSA* case sheds no light on the motion pending before this Court.

Dated: June 13, 2025                                        Respectfully submitted,

                                                          */s/ Zoila E. Hinson*
                                                          Glenn Schlactus (D.C. Bar No. 475950)
                                                          Zoila E. Hinson (D.C. Bar No. 1766625)*
                                                          Alexa Milton (D.C. Bar No. 155380)
                                                          RELMAN COLFAX PLLC
                                                          1225 19th St. NW, Suite 600
                                                          Washington, DC 20036
                                                          Telephone: (202) 728-1888
                                                          gschlactus@relmanlaw.com

zhinson@relmanlaw.com
amilton@relmanlaw.com

Mark B. Samburg (D.C. Bar No. 1018533)
Aman T. George (D.C. Bar No. 1028446)
Rachel F. Homer (D.C. Bar No. 1045077)
Robin F. Thurston (D.C. Bar No. 462679)
Somil B. Trivedi (D.C. Bar No. 1617967)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
rhomer@democracyforward.org
rthurston@democracyforward.org
strivedi@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*


Teague P. Paterson (D.C. Bar No. 144528)
Matthew S. Blumin (D.C. Bar No. 1007008)
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO
1625 L Street N.W.
Washington, DC 20036
Telephone: (202) 775-5900
Facsimile: (202) 452-0556
tpaterson@afscme.org
mblumin@afscme.org

*Counsel for American Federation of State,
County, and Municipal Employees, AFL-
CIO (AFSCME)*

3

Rushab B. Sanghvi (D.C. Bar No. 1012814)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street N.W.
Washington, DC 20001
Telephone: (202) 639-6426
Facsimile: (202) 329-2928
SanghR@afge.org

*Counsel for Plaintiff American Federation
of Government Employees, AFL-CIO
(AFGE)*


Steven K. Ury** (D.C. Bar 1643947)
SERVICE EMPLOYEES
INTERNATIONAL UNION
1800 Massachusetts Avenue, NW,
Legal Department, 6th Floor,
Washington, DC 20036
Telephone: (202) 730-7428
steven.ury@seiu.org

*Counsel for Plaintiff Service Employees
International Union*


Matthew Holder*
COMMUNICATION WORKERS OF
AMERICA, AFL-CIO
501 Third Street N.W.
Washington, D.C. 20001
Telephone: (202) 215-6788
mholder@cwa-union.org

*Counsel for Plaintiff Communication
Workers of America*


* Admitted *pro hac vice*

4