UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*AFL-CIO*, et al.,

        *Plaintiffs*,

        *vs.*

*United States Department of Labor,* et al.*,*

        *Defendants*.

Case No. 1:25-cv-339-JDB

### **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs American Federation of Labor and Congress of Industrial Organizations; American Federation of Government Employees, AFL-CIO; American Federation of State, County, and Municipal Employees, AFL-CIO; Service Employees International Union, AFL-CIO; Communication Workers of America, AFL-CIO; and American Federation of Teachers (collectively "Plaintiffs") respectfully move for summary judgment on Counts 1, 2, and 4 of their Amended Complaint (ECF No. 21).

Plaintiffs further move that this Court:

1. Hold unlawful and set aside the policies of the Department of Labor and the Department of Human Services ("Defendant Agencies") granting DOGE Affiliates[1] access to systems of record ("access policies");

---

[1] For the Purposes of this motion, Plaintiffs use "DOGE Affiliates" with the same meaning as the term "DOGE Employees" utilized in discovery in this case. That definition is "any individual who is employed by DOGE or otherwise works for DOGE (including volunteers, if any), including any individual employed by DOGE but detailed to one or more federal agencies," and including all "individuals that the defendant agencies have onboarded for the purposes of carrying out the DOGE Agenda, including those the agencies have directly hired or received as detailees." ECF No. 75 (Order on Mot. to Compel) at 2, 4-5.

2. Enter a declaratory judgment declaring that Defendant Agencies unlawfully permitted DOGE Affiliates to access systems and records containing Personally Identifiable Information (PII), or Personal Health Information (PHI) (collectively, "Sensitive Systems") and that the Defendant Agencies' access policies were unlawful;

3. Enter a declaratory judgment that DOGE Affiliate members of the Defendant Agencies' "DOGE Teams" are not employees of the respective Defendant Agencies for purposes of 5 U.S.C. § 552a(b)(1);

4. Direct Defendants to destroy all copies of material from Defendant Agencies' Sensitive Systems possessed or transmitted by DOGE Affiliates or any other person who possesses the information by virtue of access pursuant to an access policy held unlawful by this judgment;

5. Permanently enjoin DOGE Affiliates from directing Defendant Agencies to grant DOGE affiliates access to Sensitive Systems, or to refrain from following any required policies or procedures in granting such access, except where specific statutory authority specifically authorizes DOGE to issue such direction;

6. Permanently enjoin Defendant Agencies from providing DOGE Affiliates access to Sensitive Systems except as pursuant to all agency policies and procedures separate from the access policies at issue in this matter governing grants of access to systems of record and consistent with all applicable laws; and

7. Require Defendant Agencies, within seven days of this Court's order, to provide the Court with a status report indicating each Sensitive System to which a DOGE Affiliate was granted access, and, for each such system, indicating or providing:

    a. The date on which access was granted;

b.  The names of all DOGE Affiliates to whom access was granted;

c.  The date on which access was rescinded.

d.  A certification that no copies made by any DOGE Affiliate of any records from these Systems exist;

e.  A description of any use by DOGE Affiliates of records from Defendant Agencies' Sensitive Systems sufficiently specific to allow Plaintiffs to understand how their records and/or their members' records were used; and

f.  Whether an event log or audit trail exists which recorded all activity by DOGE Affiliates within the system.

Dated: August 27, 2025                    Respectfully submitted,

/s/ Aman T. George

Mark B. Samburg (D.C. Bar No. 1018533)
Aman T. George (D.C. Bar No. 1028446)
Rachel F. Homer (D.C. Bar No. 1045077)
Robin F. Thurston (D.C. Bar No. 462679)
Somil B. Trivedi (D.C. Bar No. 1617967)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
rhomer@democracyforward.org
rthurston@democracyforward.org
strivedi@democracyforward.org
sperryman@democracyforward.org

Glenn Schlactus (D.C. Bar No. 475950)
Zoila E. Hinson (D.C. Bar No. 1766625)*
Alexa Milton (D.C. Bar No. 155380)*
RELMAN COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
gschlactus@relmanlaw.com
zhinson@relmanlaw.com
amilton@relmanlaw.com
*Counsel for Plaintiffs*

Teague P. Paterson (D.C. Bar No. 144528)
Matthew S. Blumin (D.C. Bar No. 1007008)
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO
1625 L Street N.W.
Washington, DC 20036
Telephone: (202) 775-5900
Facsimile: (202) 452-0556
tpaterson@afscme.org
mblumin@afscme.org

*Counsel for American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

Rushab B. Sanghvi (D.C. Bar No. 1012814)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street N.W.
Washington, DC 20001
Telephone: (202) 639-6426
Facsimile: (202) 329-2928
SanghR@afge.org
*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Steven K. Ury (D.C. Bar 1643947)
SERVICE EMPLOYEES INTERNATIONAL UNION
1800 Massachusetts Avenue, NW,
Legal Department, 6th Floor,
Washington, DC 20036
Telephone: (202) 730-7428
steven.ury@seiu.org
*Counsel for Plaintiff Service Employees International Union*

Matthew Holder*
COMMUNICATION WORKERS OF AMERICA, AFL-CIO
501 Third Street N.W.
Washington, D.C. 20001
Telephone: (202) 215-6788
mholder@cwa-union.org

* Admitted *pro hac vice*