# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| *AFL-CIO, et al.,* | |
| *Plaintiffs*, | |
| vs. | Case No. 1:25-cv-339-JDB |
| *U.S. Department of Labor, et al.,* | |
| *Defendants*. | |

**PLAINTIFFS' NOTICE OF DEPOSITION**

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30 and 32, and the Court's [DATE] Order in this case, counsel for Plaintiffs will take the deposition of [NAME] before a person authorized by law to administer an oath. The deposition will be recorded by stenographic means and/or videotape. The deposition will commence on [DATE & TIME], at [Location], Washington, D.C. and will continue day-to-day until completed. The deposition will be taken for the purposes of discovery, use at trial, and such other purposes as are permitted by the Federal Rules of Civil Procedure.

Dated: [DATE]                                                  Respectfully submitted,

1

## PLAINTIFFS' INTERROGATORIES

### DEFINITIONS

As used in these Interrogatories, the following terms are to be interpreted in accordance with the following definitions. For words or phrases that are undefined below, Defendants shall apply the ordinary and common meaning of the terms. Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

1.      The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the following Interrogatories information that might otherwise be construed to be outside their scope.

2.      The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the following Interrogatories information that might otherwise be construed as outside their scope.

3.      The use of a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns.

4.      The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive.

5.      "Each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any."

6.      The terms "concerning," "regarding," and "relating to" each mean concerning, describing, involving, mentioning, pertaining to, comprising, referring to, regarding, showing, disclosing, explaining, summarizing, bearing upon, setting forth, or referencing in any way.

7.      "Describe" or "state" means to set forth fully and unambiguously every fact that relates to the answer called for by the Interrogatories of which you have knowledge and to

2

identify each individual with knowledge or information that relates to your answer. "Describe" or "state," when used in reference to a factual or legal contention, means to describe the full factual and legal basis for the contention, to identify all documents either supporting or contradicting the contention, and to identify all persons that you believe are knowledgeable about each such fact or document.

8.      "Including" means "including, but not limited to."

9.      "Person" refers to any natural person, alive or deceased, or any legal entity, including, without limitation, any business; corporation; firm; partnership; joint venture; joint stock company; incorporated or unincorporated association or society; state, local, or federal government, or any of its agencies or political subdivisions; court; non-profit, or governmental entity or association; or any other form of legal entity.

10.     "Access" means the ability to directly review records in an agency system;

11.     "Defendant Agencies" means the Department of Labor ("DOL") and the Department of Health and Human Services ("HHS");

12.     "U.S.D.S." refers collectively to the U.S. DOGE Service, U.S. DOGE Service Temporary Organization,;

13.     "DOGE Affiliate" refers to any individual who is or has been employed by U.S.D.S. or otherwise works or worked for U.S.D.S. (including volunteers, if any) since January 20, 2025, including any individual employed by U.S.D.S. but detailed to one or more federal agencies, and any current or former member of a federal agency DOGE Team;

14.     "Identify" when used in connection with the term "individual" or "individuals" means to state the person's name, title, and employing agency.

3

15.   "Sensitive Systems" refers to any system of records that contains Personally Identifiable Information (PII) or Personal Health Information (PHI).

**INTERROGATORY NO. 3:**

To the extent not already identified in Defendants' April 4, 2025 Objections and Responses to Plaintiffs' Requests for Expedited Discovery Including Supplemental Responses, ECF 80-5, identify each DOGE Affiliate who has Accessed, has been granted permission to Access, or has a pending request to Access, any Sensitive Systems at Defendant Agencies, and for each, please provide:

a. The names of each Sensitive System that the DOGE Affiliate has been granted Access to;

b. The date that the DOGE Affiliate was granted permission to Access Sensitive Systems at Defendant Agencies;

c. The identity of any employee of Defendant Agencies who authorized the DOGE Affiliate to Access Sensitive Systems;

d. The name and description of each training program the DOGE Affiliate completed prior to being granted Access to each Sensitive System;

e. A summary of the actual usage of each Sensitive System by the DOGE Affiliate, including a description of the records reviewed, the purpose for which they were reviewed, any restrictions on the DOGE Affiliate's Access, and whether any records were modified, copied, shared or removed from Defendant Agencies' systems, and, if so, the identity of any person(s) with whom those records have been shared;

f. The name and a summary of the function of any software installed by, or caused to be installed by, the DOGE Affiliate on Agency networks or systems;

g. The names of each Sensitive System to which DOGE Affiliates have been denied access by Defendant Agencies;

h. The number of federal agencies that the DOGE Affiliate is concurrently detailed to or otherwise employed by.

4

**INTERROGATORY NO. 4:**

Identify each Sensitive System on which any DOGE Affiliate has undertaken work related to software modernization projects, describe those projects, and which DOGE Affiliates undertook them.

**INTERROGATORY NO. 5:**

Identify all channels of written communication used by DOGE Affiliates granted access to Defendant Agencies' Sensitive Systems for correspondence related to their work at Defendant Agencies with any individuals identified in Appendix A. For each such channel, identify whether all records of such correspondence have been retained by Defendant Agencies, and, if not, whether such records have been retained elsewhere or deleted.

**PLAINTIFS' REQUEST FOR PRODUCTION OF DOCUMENTS**

As used in these Requests for Production, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure:

1.      The use of the singular form of any word includes the plural and vice versa.

2.      The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

3.      The use of a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns.

4.      The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive.

5.      "Each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any."

6.      "Including" means "including, but not limited to."

7.      "Person" refers to any natural person, alive or deceased, or any legal entity, including, without limitation, any business; corporation; firm; partnership; joint venture; joint stock company; incorporated or unincorporated association or society; state, local, or federal government, or any of its agencies or political subdivisions; court; non-profit, or governmental entity or association; or any other form of legal entity.

8.      "Access" means the ability to directly review records in an agency system;

9.      "Defendant Agencies" means the Department of Labor ("DOL"), Department of Health and Human Services ("HHS");

10.      "U.S.D.S." refers collectively to the U.S. DOGE Service and U.S. DOGE Service Temporary Organization;

6

11.    "DOGE Affiliate" refers to any individual who is or has been employed by U.S.D.S. or otherwise works or worked for U.S.D.S. (including volunteers, if any) since January 20, 2025, including any individual employed by U.S.D.S. but detailed to one or more federal agencies, and any current or former member of a federal agency DOGE Team;

12.    "Identify" when used in connection with the term "individual" or "individuals" means to state the person's name, title, and employing agency.

13.    "Sensitive Systems" refers to any system of records that contains Personally Identifiable Information (PII) or Personal Health Information (PHI).

14.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

## REQUESTS FOR PRODUCTION

8. For any Sensitive System identified in response to Interrogatory No. 4, produce all documents related to any DOGE Affiliates' work in that Sensitive System, whether or not related to software modernization, including all documents related to the requests for access or the decisions to grant DOGE Affiliates access to that System

9. All correspondence exchanged between DOGE Affiliates granted access to Defendant Agencies' Sensitive Systems and any person identified in Appendix A or email address identified in Appendix A

10. All correspondence exchanged between DOGE Affiliates and any Defendant Agency official, whether acting or permanent, serving in a role subject to Presidential appointment and Senate confirmation, or serving as the Chief of Staff or first assistant to any individual in those roles.

**APPENDIX A**

1) Any email address ending in @doge.eop.gov
2) Any email address ending in @doge.gov
3) Any email address ending in @who.eop.gov

Regardless of means of communication, or email domain:

<u>Individuals known to be involved in leadership and coordination of DOGE</u>

1) Justin Aimonetti
2) Baris Akis
3) Jacob Altik
4) Anthony Armstrong
5) Jennifer Balajadia
6) Riccardo Biasini
7) Ashley Boizelle
8) James Burnham
9) Nate Cavanaugh
10) Steve Davis
11) Stephen Ehikian
12) Joshua Fox
13) Amy Gleason
14) Joshua Hanley
15) Stephanie Holmes
16) Keenan Kmiec
17) Jeremy Lewin
18) Kendall Lindemann
19) Katie Miller
20) Elon Musk
21) Noah Peters
22) Austin Raynor
23) Rachel Riley
24) Thomas Shedd
25) Brad Smith
26) Christopher Stanley
27) Susan Wiles
28) Christopher Young

9

<u>Other DOGE Affiliates with employment relationships at DOL and/or HHS</u>

1) Miles Collins
2) Edward Coristine
3) Marko Elez
4) Luke Farritor
5) Connor Fennessy
6) Aram Moghaddassi
7) Kyle Schutt