**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, *et al.*, | |
| *Plaintiffs*, | Case No. 1:25-cv-00339-JDB |
| v. | Judge John D. Bates |
| DEPARTMENT OF LABOR, *et al.*, | |
| *Defendants*. | |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

At request of Defendants and non-objection by Plaintiffs, the Court has determined to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives, and assignees of certain information and items produced and received in discovery in the above-captioned action. IT IS HEREBY ORDERED as follows:

## I. DEFINITIONS

1. "Action" shall mean the above-captioned case *AFL-CIO, et al. v. Department of Labor, et al.*, 25-cv-00339-JDB.

2. "Challenging Party" shall mean any Party that challenges the designation of information as Confidential Information under this Protective Order.

3. "Confidential Information" shall mean information that, at the time of its production in discovery in this Action, or thereafter, is designated confidential by the Producing Party or any Party because of a good faith belief that the information is both:

(a) not in the public domain, **and**

(b) one or more of the following:

(i) personal financial, medical, tax, employment, personnel, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

(ii) personally identifiable information, such as social security numbers, birth dates, home addresses, email addresses, non-public telephone numbers, and names of family members;

(iii) information and internal policies and procedures for which disclosure could reasonably give rise to a risk of harm to information technology security, personnel security, or national security interests;

(iv) information protected by the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a.

4. "Designating Party" shall mean any Producing Party or Party who, by following the procedures in this Protective Order, designates as Confidential Information any discovery that is produced in this Action.

5. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

6. “Document” shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

7. “House Counsel” shall mean attorneys who are employees of a party to this action or attorneys who are employed as Job Series 0905 attorneys by the Department of Labor, Department of Health and Human Services, or any of their component agencies. House Counsel does not include Outside Counsel of Record or any other outside counsel.

8. “Notice” shall include notice via email.

9. “Outside Counsel of Record” shall mean attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party including attorneys employed by the United States Department of Justice representing a party to this action.

10. “Party” (or “the Parties”) shall mean a party (or the parties) to this Action.

11. “Producing Party” shall mean a Party or Non-Party who produces discovery in this Action.

12. “Receiving Party” shall mean a Party or Non-Party who receives information that has been designated as Confidential Information in this Action.

13. “Non-Party” means a person or entity that is not a Party.

## II. PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER

14. This Protective Order governs the disclosure, use, and handling of all Confidential Information during discovery and in pretrial filings occurring after the entry of this Protective Order in this Action, whether the Confidential Information is produced by a Party or Non-Party,

and regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

15. This Protective Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

16. Except as expressly provided herein, this Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

17. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

18. This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not: (a) confidential; (b) privileged; or (c) admissible in evidence at trial.

19. Designations of Confidential Information shall not prejudice in any way any Party's ability to assert that the information is or is not protected by the Privacy Act, 5 U.S.C. § 552a, or that prior disclosure of the information or similar information was or was not lawful pursuant to the Privacy Act, *see, e.g.*, 5 U.S.C. § 552a(b).

20. With the exception of the requirements of Paragraph 36, nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such lawful and appropriate use results in a disclosure that

causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

21. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

22. Any Party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

## III. METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

23. A Producing Party shall designate Confidential Information prior to or at the time of production, except as otherwise provided by this Protective Order.

24. The Designation of Confidential Information shall be limited only to those documents, interrogatory answers, responses to requests for admissions, testimony transcripts, or portions thereof that qualify under under the definition of "Confidential Information" in this Protective Order.

25. For documents, designation of Confidential Information by the Producing Party shall be made as follows:

(a) For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" on each page of the document asserted to contain Confidential Information.

(b) For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]."

(c) The media on which the Confidential Information is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" unless and until the protection of the data within the media is removed.

(d) Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) (to the extent feasible in light of computer system limits on filename length) and the location where the copies are stored and users' access thereto.

26. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "The following response is CONFIDENTIAL pursuant to the Court's Protective Order, ECF No. [XX]."

27. For any Document or item produced in discovery in this Action not falling within the paragraphs above, designation of Confidential Information shall be made by labeling the item or the item's container with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]." If only a portion or portions of the information contained in the item warrant

protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

28. A Party other than the Producing Party may, within 30 days of receiving discovery information that qualifies as "Confidential Information" under this Protective Order, designate that information as Confidential Information by: (a) identifying the Confidential Information to the Producing Party and all other Parties with reasonable specificity (e.g., by identifying the Bates range(s), interrogatory answer(s), or response(s) to requests for admission containing the Confidential Information); and (b) delivering a copy of the produced documents or written discovery containing the Confidential Information to the Producing Party and all other Parties with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" or stamped on each page containing Confidential Information, or delivering a copy of any native file(s) containing Confidential Information with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" added to the beginning of the relevant file name(s).

29. If it comes to a Designating Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Designating Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

## IV. CHALLENGING CONFIDENTIAL DESIGNATIONS

30. The designation of any Confidential Information is subject to challenge by any Party at any time, subject to the procedures described herein and in the Court's Scheduling Order, ECF No. 54.

31. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The acceptance by any Party of any information designated as Confidential Information shall not constitute evidence or an admission or concession that the information qualifies as Confidential Information.

32. The Challenging Party shall initiate any challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party, in writing: (a) notice of each designation it is challenging; and (b) a description of the basis of each challenge.

33. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge, and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Challenging Party within fourteen (14) calendar days after receipt of notice of the challenge. If the Designating Party decides to keep any designation, it must articulate its reasons for the designation. If the Designating Party decides to withdraw its designation, it shall give notice of this change to the Parties. If the Challenging and Designating Parties cannot come to a resolution within fifteen (15)

calendar days after the Designating Party originally receives notice of the challenge, or as otherwise agreed, either the Challenging Party or Designating Party may file a motion seeking a determination from the Court. The Designating Party shall bear the burden of demonstrating that the challenged designated information qualifies as "Confidential Information" as defined in this Protective Order. No written discovery motion may be filed without a prior conference with the Court and leave of the Court.

34. Any information designated as Confidential Information or pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as: (a) the Designating Party agrees that it shall no longer be treated as Confidential Information; or (b) the Court rules that such information should not be treated as Confidential Information.

## V. DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL INFORMATION

35. A Receiving Party may only use Confidential Information o produced in this Action for purposes of prosecuting, defending, or attempting to settle this Action, and may only disclose Confidential Information produced in this Action in accordance with the terms of this Protective Order.

36. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

37. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Confidential Information may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons, and only to the extent such disclosure is reasonably necessary to assist with the prosecution, defense, or attempts to settle this Action:

(a) Plaintiffs, Defendants, and employees of the Parties who are assisting with respect to this Action;

(b) the Parties' counsel and their current employees and other personnel necessary to assist counsel in this Action (such as contract attorneys, litigation assistants, paralegals, and support services personnel, including litigation support, information technology, information or records management, investigative, secretarial, clerical, photocopying, and data processing personnel);

(c) external vendors necessary to assist counsel in this Action (such as e-discovery vendors)

(d) any person with prior authorized access to the Confidential Information;

(e) witnesses or potential witnesses in this Action (including deponents or potential deponents), and their respective counsel;

(f) court reporters and other persons not employed by this Court who are retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

(g) expert witnesses and consultants retained by the Parties (or their counsel), including their associates and staff, in connection with this Action;

(h) mediators or arbitrators in this Action; and

(i) this Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

38. Disclosure to the persons referenced in subparagraphs 36(c)-(h) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as Exhibit A. Counsel for the disclosing party shall retain copies of the signed acknowledgement and consent forms in their litigation files and shall make the executed forms available to counsel for the other party upon a court order.

39. Absent the consent of all Parties or leave of court, all Confidential Information that is filed with the Court must be: (a) filed under seal or in camera in accordance with the Court's Local Rules and procedures; and/or (b) redacted from any filing that is publicly available. If the Court denies a motion to seal Confidential Information, the Confidential Information shall not be filed on the public docket or otherwise be made publicly available until the Party intending to file the Confidential Information or Highly Confidential Information has given seven (7) days' notice to the Designating Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

40. All parties hereby give consent to all other parties to file documents under seal consistent with the Court's Local Rules and procedures providing they contain Confidential Information, and all parties hereby give consent to any party filing a document containing Confidential Information under seal to thereafter file a redacted version of the document accessible on the public docket.

41. If any person or entity subject to this Protective Order receives a subpoena or discovery request for Confidential Information (as designated in this Action) in any other proceeding before any court or arbitral, administrative, or legislative body, that person or entity shall promptly give notice to the Designating Party and shall not disclose any Confidential

Information until the Designating Party has had a reasonable opportunity to promptly inform the subpoenaed person either (a) that the Designating Party does not object to the production of the Confidential Information or (b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information or Highly Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this Court or another court or arbitral, administrative, or legislative body.

## VI. INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

42. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.[1] The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

43. If a Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Party shall, upon learning of the unauthorized disclosure:

(a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

[1] This agreement does not require the Parties to produce information that would otherwise be properly withheld as privileged.

(b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and

(c) within five (5) calendar days, notify all Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

## VII. DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION

44. Except as otherwise provided in this Protective Order, within 90 days of the final termination of the last of this Action (whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom), a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Producing Party, depending upon the Producing Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. In the course of disposing of information in its possession under this paragraph, a Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to the Receiving Party or destroyed by the person possessing the information with written confirmation to the Receiving Party.

45. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, if such materials will be overwritten and destroyed in the normal

course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

46. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

47. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits and declarations (including those signed in connection with Paragraph 35); motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

48. Attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. §§ 552 and 552a, or as otherwise required by law.

*          *          *

Agreed to by:

/s/Mark B. Samburg
Aman T. George (D.C. Bar No. 1028446)
Mark B. Samburg (D.C. Bar No. 1018533)
Rachel F. Homer (D.C. Bar No. 1045077)
Robin F. Thurston (D.C. Bar No. 462679)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
rhomer@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

Glenn Schlactus (D.C. Bar No. 475950)
Zoila E. Hinson (D.C. Bar No. 1766625)*
Alexa Milton (D.C. Bar No. 155380)*
RELMAN COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
gschlactus@relmanlaw.com
zhinson@relmanlaw.com
amilton@relmanlaw.com

*Counsel for Plaintiffs*

Teague P. Paterson (D.C. Bar No. 144528)
Matthew S. Blumin (D.C. Bar No. 1007008)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street N.W.
Washington, DC 20036
Telephone: (202) 775-5900
Facsimile: (202) 452-0556
tpaterson@afscme.org
mblumin@afscme.org
*Counsel for American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

Benjamin S. Kurland (D.C. Bar No. 1617521)
Keri L. Berman
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-7538
Fax: (202) 616-8460
Email: ben.kurland@usdoj.gov

*Counsel for Defendants*

Rushab B. Sanghvi (D.C. Bar No. 1012814)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street N.W.
Washington, DC 20001
Telephone: (202) 639-6426
Facsimile: (202) 329-2928
SanghR@afge.org
*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Steven K. Ury (D.C. Bar 1643947)
SERVICE EMPLOYEES INTERNATIONAL
UNION
1800 Massachusetts Avenue, NW,
Legal Department, 6th Floor,
Washington, DC 20036
Telephone: (202) 730-7428
steven.ury@seiu.org
*Counsel for Plaintiff Service Employees International Union*

Matthew Holder*
COMMUNICATION WORKERS OF
AMERICA, AFL-CIO
501 Third Street N.W.
Washington, D.C. 20001
Telephone: (202) 215-6788
mholder@cwa-union.org
*Counsel for Plaintiff Communication Workers of America, AFL-CIO*

* Admitted *pro hac vice*

**SO ORDERED.**

Dated: 10/05/2026

/s/

**Hon. John D. Bates**
United States District Judge

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, *et al.*, | ) | |
| *Plaintiffs*, | ) | Case No. 1:25-cv-00339-JDB |
| v. | ) | Judge John D. Bates |
| DEPARTMENT OF LABOR, *et al.*, | ) | |
| *Defendants*. | ) | |

**DECLARATION TO BE BOUND BY PROTECTIVE ORDER**

I, ___________________________________, declare under penalty of perjury that:

(a) My present address is ________________________________________________.

(b) My present employer is ______________________________________________

and the address of my present employer is____________________________________________

__________________________________________.

(c) My present occupation or job description is ______________________________

__________________________________________.

(d) I have received and carefully read the Protective Order in this Action dated ________________ and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," except as permitted by the

Protective Order. According to the restrictions of the Protective Order, I will only use Confidential Information or Highly Confidential Information produced in the above-captioned Action for purposes of prosecuting, defending, or attempting to settle this Action. I will never use such documents or information derived therefrom, directly or indirectly, in competition with the Producing Party, nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of the last of this Action or any time requested by Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information (except as exempted by the Protective Order).

(f) I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

**Signature:** ________________________________________________

**Date:** ________________________________________________